THE CHICAGO AND NORTH WESTERN R R. COMPANY

*v.*

CHARLES L. WILLIAMS.

NEW TRIAL—*verdict against the evidence.* When the proof, though slight, supports the verdict, and is uncontradicted, this court will not disturb it.

APPEAL from the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action on the case brought by the appellee, against the appellant, in the court below, to recover for two thousand two hundred and sixty-nine pounds of iron, alleged to have been delivered to it as a common carrier, to be transported from Chicago to Harvard, Illinois, and which was lost. The facts in the case are fully stated in the opinion.

Mr. JAMES M. WIGHT, for the appellant.

Messrs. LATHROP & BAILEY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question presented by this record is, whether the evidence sustains the verdict of the jury. There is no dispute

that one of the roads is liable to appellee for the value of the iron which was lost. And it is equally clear, that the Pittsburgh, Fort Wayne and Chicago railroad company had the iron in possession, and brought it to Chicago. It is contended, that it was transferred by that company to the cars of appellants, which were near to the transfer house of the first named company, for the purpose of being placed therein. Appellants, on the contrary, contend that it was not placed in their car for further transportation, or otherwise.

Reynolds swears, that, previous to and at the time the iron came to Chicago, he was in the employment of appellants, acting as their agent in transferring freight from the Pittsburgh, Fort Wayne and Chicago Railroad company, to the cars of appellant; that he received this freight from that company; gave a receipt to the other company for it, and entered it in his check book. That he afterward got the receipt back, but that he invariably gave a receipt for freight when it was loaded into appellants' cars from the transfer house of the other company. That it was the usage of the other company not to permit freight to leave their grounds without a receipt. That it was his business to receive freight, and give receipts therefor at the depot of the other company; and he was not in the habit of giving receipts until the freight had been checked out at appellants' depot. This evidence, uncontradicted, is amply sufficient to sustain the verdict.

Crowley, another employee of appellants, testifies, that when he checked out the freight at their depot, the iron was not in the car and was not found, and that it did not reach appellants' depot. That he remembers the iron was billed by Reynolds as transferred to the car, but when he checked the freight out of the car, the iron was not there, and that he at once gave notice to Reynolds and the other company, that the iron was short. Reynolds swears, that he remembered that the iron was transferred; remembers the number of bundles, and the mark on the bundles. We think the fact, that when appellants' agents some days afterward came to unload the car they did not find the iron, does not overcome the evi-

dence of Reynolds that it was placed by him in the car. The evidence of the two witnesses does not conflict in any particular. The testimony of both may be, and no doubt is, true. After the iron was placed in the car, it may have been, and no doubt was stolen, or otherwise wrongfully taken from the car. But having gone into the possession of appellants, they are liable to account for the property. We think the evidence sufficient to sustain the finding of the jury, and the judgment of the court below must be affirmed.

*Judgment affirmed.*