# THE OHIO & MISSISSIPPI RAILROAD COMPANY

## v.

## E. EMRICH.

*Carriers—Loss of Goods—Action by Consignor—Parties—Liability of Carrier beyond its Line—Special Contract—Receipt—Question for Jury— Delivery to Connecting Line—Burden of Proof.*

1. A common carrier, receiving goods to carry, marked to a destination beyond its line, is bound, under an implied contract, to carry and deliver at the place marked. But this common law liability may be restricted by contract fairly made.

2. It is a question for the jury whether the terms of a receipt or bill of lading limiting the carrier's liability to its own line was fairly made, understood and assented to by the assignor.

3. The consignor of goods intrusted to a common carrier may maintain an action for a failure to carry and safely deliver, the contract for transportation being with him.

4. In the case presented, it is *held:* That the evidence proves ownership of the goods in question in the consignor; that upon its own construction of the contract, the burden of proof was upon the defendant to show a safe carriage to the terminus of its line, and a delivery to a connecting line; and that the evidence fails to show such delivery.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of Wayne County; the Hon C. C. BOGGS, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

"When a bill of lading, given on the acceptance of goods by a carrier, shows they are to be forwarded to a particular place only, which is short of their p'ace of destination, and the consignor has been a frequent shipper by the same line, and was in the habit of receiving like bills of lading, it will be presumed he was familiar with its contents, and knew the carrier was not under obligations to carry the goods to the place to which they were marked." Merchants' Des. & Tr. Co. v. Moore, 88 Ill. 136; see also C. & N. W. R. R. Co. v. Church, 12 Ill. App. 17.

If the contract, then, was to carry to Cincinnati and there deliver to a connecting carrier, is a breach shown by showing non-receipt of goods at destination? We think not. Hutchinson on Carriers, Sec. 760; Gilbart v. Dale, 5 Ad. & El. 543. Bill of lading shows that the goods were consigned to E. Emrich, and the presumption is that the title vested in the consignee immediately upon delivery to the carrier by the shipper. Penn. Co. v. Poor, 103 Ind. 553; Blum, Frank & Co. v. The Caddo, 1 Woods (C. C.) 64; Hutch. Carr., Sec. 130.

There is a complete delivery to a connecting carrier where the goods are deposited within the control of that carrier. Pratt v. Grand Trunk R. R. Co., 95 U. S. 43; Merriman v. Hartford & N. H. R. Q. C., 20 Conn. 354; Hutch. Carr., Sec. 102.

Messrs. Hanna & Adams, for appellee.

When goods are delivered to a railway company or other common carrier marked to a particular place, whether beyond the company's line or not, and the company receives them, then there is an implied contract on the part of the company to carry such goods to the destination marked, and this liability can not be limited or in any way modified by anything contained in the bill of lading, unless such different contract is agreed to, understood and assented to by the shipper. I. C. R. R. Co. v. Frankenberg, 54 Ill. 88; Adams Express Co. v. Haynes, 42 Ill. 89; Anchor Line v. Dater, 68 Ill. 369; Field v. C. & R. I. R. R. Co., 71 Ill. 458.

The question as to whether the shipper did make a contract

to ship the goods to a destination different from the one to which the goods are marked, is a question of fact for the jury; and the bill of lading is not evidence of that fact.  Field v. C. & R. I. R. R. Co., 71 Ill. 458; I. C. R. R. Co. v. Frankenberg, 54 Ill. 88.

WILKIN, J.  About the 19th of November, 1886, appellee shipped a box of clothing over appellant's road from Fairfield, Illinois.  It was marked Freehold, New Jersey, and consigned to his brother, E. Emrich.

Appellant's agent at Fairfield gave him a receipt for the box in which it is stated that it is "to be forwarded to Cincinnati, Ohio, station, upon the following conditions."  One of these conditions is that the responsibility of appellant " shall terminate when delivered to the next carrier."  There is no dispute as to the value of the goods nor as to the fact that they were lost.  The judgment below was for appellee for $100.

Appellant urges, with seeming earnestness, that appellee can not maintain this action, because, as counsel say, he was " only the shipper or consignor," and they insist that he must prove that he is the owner of the goods before he can sue for their loss.  In other words, they assume that, inasmuch as the law presumes in the absence of proof that the consignee is the owner, therefore, the consignor can not sue.  The legal position is untenable.  The contract for the transportation being with the consignor he may sue for its breach in the failure to carry and safely deliver, whether he retains any property in the goods or not; the recovery being for the benefit of the consignee if he was the real owner.  Hutch. Carr., Sec. 736; Great Western Railroad Company v. McComas, 33 Ill. 185.

There is sufficient proof of ownership in the plaintiff below to entitle him to maintain the action, even if the law was as contended by appellant.

Appellee testified that he purchased the goods; that he bought more than the market at Fairfield would justify.  On cross-examination he says, " I received this receipt for *my* box." On re-direct examination the question was asked him, "And you shipped them to your brother to Freehold, New Jersey, to sell for you."  Answer.  " Yes, sir."  This evidence is suf-

ficient to overcome a mere presumption, and prove ownership in appellee.

Appellant also insists that by the express terms of the receipt given for the box it only undertook to carry it to Cincinnati, Ohio, and that there is no evidence to show a failure to do so. On the other hand appellee contends that the box being marked to Freehold, New Jersey, and received by appellant, the contract in law was for a through shipment and that proof of loss at destination fixes the liability of the carrier.

The law of this State is that a common carrier receiving goods to carry marked to a destination beyond its line is bound under an implied contract, to carry and deliver at the place marked. W., St. L. & P. Ry. Co. v. Jaggerman, 115 Ill. 407, and cases cited. This is the common law liability which may be restricted by a contract fairly and understandingly made.

It is a question for the jury to determine whether the terms of a receipt or bill of lading, limiting liability to the carrier's own line, was fairly made, understood and assented to by the consignor. I. C. R. R. Co. v. Frankenberger, 54 Ill. 88; Fields v. C. & R. I. R. R. Co., 71 Ill. 458. It does not necessarily follow, because the shipper accepted a receipt for the goods to be carried containing limitations of the carrier's liability, that he assents thereto. Anchor Line v. Dater, 68 Ill. 369.

No objection is made to instructions given. The questions of fact seem to have been fairly submitted to the jury and we see no reason for disturbing their finding.

It may be said that appellee should have known the contents of the receipt. It is evident, we think, that he did not, or, at least, that he understood that the goods were to be carried through as marked, and there is no pretense that his attention was directly called to the limitation in the receipt.

The evidence is sufficient to support the judgment below even on the theory that appellant was only required to carry to Cincinnati and there safely deliver to a connecting carrier. As before stated, the loss of the goods is not disputed; the proof is clear that they never reached their destination. Appellee swears, and it is not denied, that some four weeks after the shipment he applied to Mr. Foster, the agent of appellant at

O. & M. R. R. Co. v. Eurich.

Fairfield, to send a tracer for the box; that he reported that it could not be found; that he procured a second tracer and after some weeks the agent again reported that he could learn nothing of them. This proof is clearly sufficient to place the burthen upon appellant to show a safe carriage to Cincinnati and delivery to a connecting line, even on its construction of the contract. In Adams Express Co. v. Stettaners, 61 Ill. 187, it is said: "When the goods fail to reach their destination and the carrier does not show the manner of their loss, the presumption arises against him of want of ordinary care. This rule is reasonable and just. The carrier alone has it in his power to show what has become of the goods or why they were not duly delivered. He has the means of tracing them from the moment of their shipment; the shipper has not."

Appellant attempted to make proof of the safe arrival at Cincinnati and delivery to another line, by introducing as a witness its transfer clerk at that place. Testifying from a memorandum made by himself he swears that he transferred the box, November 23, 1886, and put it in a car of the C., C., C. & I., standing on the track of the O. & M. No one was in charge of the car; there is nothing to show that it ever reached the track of the connecting line. No receipt was taken, nor so far as the proof shows was the C., C., C. & I. ever notified that the box had been transferred to it. While this might be a sufficient delivery to fix liability as between carriers, it is not binding on the shipper. Hutchinson on Carriers, Sec. 104. It can not be seriously urged that upon this evidence of delivery to the C., C., C. & I. appellee could have maintained an action against it for a loss or failure to deliver at destination. Wait's Actions and Defenses, Vol. 2, pages 22 and 23; 2 Parsons on Contracts, 195.

In C. & N. W. R. R. Co. v. Williams, 44 Ill. 176, cited by appellant, the transfer clerk of the receiving company swore himself that he received the freight from the company transferring it.

The evidence of delivery in that case is by no means unsatisfactory.

We are satisfied with the judgment of the Circuit Court in

its view of the case as here presented, and are of the opinion that it should be affirmed.

*Judgment affirmed.*