Pearson, J.
 

 Supposing the doctrine of election to be applicable to a case like the present, there is error in the decre-tal order appealed from, in this, that it puts the plaintiff to an election either to dismiss his bill, or to
 
 release
 
 the judgment which he had obtained at law. There is no precedent for such an order. Where the chancellor is informed that a plaintiff in Equity is at the
 
 same time
 
 prosecuting a suit at law
 
 *306
 
 against
 
 the same
 
 defendant,
 
 for the same
 
 thing, lie will, aftei answer filed, and time for filing exceptions past, order the bill to be dismissed, unless the plaintiff will submit to an
 
 injmiotion
 
 against taking any further proceedings in the suit at Law pending the proceedings in Equity; thus leaving the way open for the plaintiff, if he fail in obtaining relief in Equity, to fall back upon his remedy at Law, if he have any. If the plaintiff elect to proceed at Law, his bill is dismissed without prejudice, so that if he fail at Law he may fall back upon his remedy in Equity, and file a new bill. ¡2 Madd. Ch. 358, ’9 ; Daniel’s Chancery Practice, and the cases cited. The idea that a jffaintiff must release, forego, and forfeit his judgment at Law, as a condition precedent, without which a Court of Equity will not entertain his bill, is not intimated in any of the books. The decretal order must be reversed.
 

 Byway of
 
 aprotestando,
 
 which, as Lord Coke says, is the “ exclusion of a conclusionin other words, to prevent misapprehension, and without intending to express an opinion on either side, but merely to suggest ideas for the consideration of the counsel, we think proper to add, it would seem upon-the authorities, that this doctrine of election, according to which a Court of Equity will refuse, after answer filed, to entertain a bill, unless the plaintiff submit to an inj miction as to further proceedings in his action at Law, applies only to cases where the plaintiff seeks to recover from the defendant the
 
 same thing
 
 that he is seeking to recover in an action at Law, which is then pending; as, when an action of account is pending, and the plaintiff files a bill for an 'account. It is put upon this reason: as the parties are the same and the relief is the same, the second suit is merely for vexation, and consequently will not be entertained by a Court of Equity, unless upon condition that all further proceedings in the first, are in the mean time to be suspended. ■ See Madd. Ch. and Daniel’s Ch. Prac. and the authorities cited. It would therefore seem to follow, that if the remedy in Equity is different, being more adequate, and better adapted to meet the justice of the case
 
 *307
 
 tlian. the remedy at Law, there is no reason why the plaintiff may not, in conscience, resort to all the means of redress for the injury which has been done to him, which the Courts of the country will give; and after ascertaining the extent of the relief which will be granted to him in the several Courts;, then to make his election, and enforce, by execution, the judgment or decree of that Court which he may be advised metes out to him the fullest measure of justice.
 

 It is settled, that, upon a bill for the specific performance of a contract to convey land, the fact that the plaintiff has already recovered judgment for damages for a breach of contract. does not present a case for election ; indeed, according to the old practice, the bill would not be entertained, unless the plaintiff' had first established his right by an action at Law. 1 Madd. Ch. 262 and the cases cited. So, byway of .analogy, if there be several tort-feasors, the party injured may sue one alone, get judgment, let it stand, then sue another, take judgment, &c., and finally make his election, out of which he will take satisfaction. This is familiar
 
 nisi prius
 
 learning; see also
 
 Casey
 
 v.
 
 Harrison,
 
 2 Dev. Rep. 244, where this subject is treated ‘of
 
 arguendo.
 

 There is still another consideration. After the plaintiff has obtained judgment at Law,
 
 cui bono
 
 should a Court of Equity enjoin him from further proceedings, as a condition to entertaining his bill ? The very fact of his receiving satisfaction of the judgment at Law, extinguishes his cause of action in Equity, and will put him out of Court, so as to defeat his purpose of ascertaining in which Court he can have the fullest measure of justice.
 

 On the other hand, we think it proper also to suggest for the consideration of counsel, that it may be doubted whether the plaintiff is not too late in making his application to this Court. He has used the fishing ground for turn years; he has assigned his interest to the other plaintiff, Pender; many of the articles included in the contract of sale were perishable, and cannot be returnedthe changes and alterations in the fishing hole and beach may not permit the parties to be put
 
 *308
 

 in statu quo ;
 
 and he has tested the qualities and capabilities of the fishing ground. See
 
 McDowell
 
 v.
 
 Simms.
 
 Busb. Eq. 130.
 

 Pee Curiam. Decretal order reversed.