Marx v. Marx.

---

AMANDA MARX, Respondent, v. HERMAN N. MARX, Appellant.

89    455
s94    173

St. Louis Court of Appeals, May 7, 1901.

Pleading and Practice: ACTION FOR DIVORCE AND ACTION FOR SUPPORT OF WIFE CAN NOT BE COUNTED ON IN SAME PETITION: ELECTION. Where the first count of a petition alleges a cause of action for divorce from bonds of matrimony, grounded upon unlawful desertion, and the second count alleges a cause of action under the provisions of section 4327, Revised Statutes 1899, enacted to compel the husband, who has abandoned his wife and refused to maintain and provide for her, to make proper provision for that purpose, empowering the court to require him to furnish security so to do and authorizing it to enforce its judgment in the premises by sequestration of his property, it is obvious that the two theories of relief presented are diametrically opposed to each other, and the plaintiff should be compelled to elect upon which of the two she will proceed to trial.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

REVERSED AND REMANDED.

Marx v. Marx.

STATEMENT OF THE CASE.

This is a petition in two counts. The first count alleges a cause of action for divorce from bonds of matrimony, grounded upon unlawful desertion. The second count alleges a cause of action under the statute enacted to compel the husband, who has abandoned his wife and refused to maintain and provide for her, to make proper provision for that purpose, empowering the court to require him to furnish security so to do and authorizing it to enforce its judgment in the premises by sequestration of his property. R. S. 1899, sec. 4327.

The answer of defendant denied the right of the wife to divorce, as claimed in the first count of her petition, but alleged that defendant was entitled to a divorce because of the addiction of his wife to the use of drugs to such an extent as to render his condition intolerable and married life unendurable. The answer to the second count of the petition denied the allegations therein contained and averred that he had always provided amply for the support of his wife and their child.

The plaintiff filed a motion for suit money and alimony. After hearing a mass of testimony covering the widest latitude, this motion was sustained, and defendant was required to pay plaintiff two hundred and fifty dollars per month dating from October 24, 1900, pending the litigation, and was required to make a further payment in the way of suit money for the benefit of plaintiff's attorneys, of two hundred and seventy-five dollars. From these orders, defendant has perfected an appeal to this court.

*H. A. Haeussler* and *Broadhead & Haeussler* for appellant.

(1)   The two causes of action are improperly joined, and

defendant's motion to elect should have been sustained before evidence was admitted. (2) The purpose of alimony, *pendente lite*, is to provide a reasonable support for the wife from the commencement of the suit to the date of trial and enable her to prepare for trial, and is based on the presumed helpless pecuniary condition of the wife. If she has sufficient means herself, or if her husband reasonably provides for her, the motion should not be granted as long as her husband continues to support her. Penningroth v. Penningroth, 71 Mo. App. 438; McClosky v. McClosky, 68 Mo. App. 199; Adams v. Adams, 49 Mo. App. 592; Rosenfeld v. Rosenfeld, 63 Mo. App. 413. (3) Under the agreement of 1897, made exclusively in the interest of plaintiff, it was arranged and agreed exactly what was to be done in the event of the husband's refusal to live with his wife on her return, therefore, the court should not have made other provision for the wife, *pendente lite*. (4) The bias of the trial court can alone account for the exorbitant allowances made in this case, and for the admission of a mass of evidence not legally proper at such a hearing, consideration of which must have prejudiced the mind of the court. McClosky v. McClosky, supra; Adams v. Adams, supra.

*Johnson & Richards* for respondents.

(1) This is a motion for alimony *pendente lite,* and the allowance, is not dependent upon the merits of the issues in the suit for divorce. (2) The matter rests in the discretion of the trial court. That discretion was not abused. (3) The exceptions to the general rule that alimony in the nature of suit money is made as a matter of course, are absent here. Adams v. Adams, 49 Mo. App. 592. (4) Under the proof, the plaintiff is entitled to have the motion sustained. Rosenfeld v.

Rosenfeld, 63 Mo. App. 411; McClosky v. McClosky, 68 Mo. App. 199; Mahn v. Mahn, 70 Mo. App. 337; Penningroth v. Penningroth, 71 Mo. App. 438.

BOND, J.—It must be admitted that the petition in this case embraces a novel conjunction of causes of action. The first count seeks relief predicated upon a dissolution, and the second count seeks relief upon a continuance of the marriage between the parties.   If the plaintiff should be divorced from the defendant, she would thereafter not be his wife.  If, on the other hand, the statute obligating him to maintain her *as his wife* is invoked, she could have its benefits *only* while the relation of wife continued.   It is obvious, therefore, that the two theories of relief presented in plaintiff's petition are diametrically opposed to each other.   It is not at all likely that the learned circuit judge will permit the case to go to trial upon both of the counts set forth in the petition, but will compel the plaintiff to elect upon which of the two she will proceed.   In disposing of the questions presented, we will assume that his interlocutory orders in the premises relate solely to the suit for divorce.   The briefs of the learned counsel have not furnished us with a sufficient statement of the voluminous record presented on this appeal to relieve us from the task of exploring it in order to discover that portion material to a determination of the questions of temporary alimony and suit money.   We are able to gather by this investigation that the defendant has mortgaged his home for the benefit of his wife in the sum of fifteen thousand dollars; that he is far from being a man of wealth; that while he owns considerable stock (par value $126,-200) in a mercantile business; that its value depends upon the vicissitudes of that calling, as well as upon contribution of his personal services and management; that it is heavily incumbered (about $81,950); that his salary is six thousand dollars

a year, which combined with the dividend (in 1899 only two per cent) on his stock and the rent ($900) of a Pine street property (mortgaged for $5,000), constitute his entire sources of income; that his interest charges, life insurance and household expenses exceed seven thousand dollars, which amount deducted from the aggregate of his income would leave a sum proper to be considered as a true basis for a just allowance in the way of alimony and suit money; that prior to the institution of this proceeding he made provision for his wife whereby she received two hundred and twenty-five dollars per month, based upon a forbearance of interest on the fifteen thousand dollar note secured by a deed of trust. Six per cent interest on the note in question would yield nine hundred dollars per year or about seventy-five dollars per month. If plaintiff collects interest *in the future* on this note, we are satisfied that an additional allowance of one hundred and fifty dollars per month is all the defendant should be required to pay. We think, also, the orders for suit money should be revised and modified under the peculiar pleadings and facts in this record. The action between the parties, unless complicated by the unusual joinder of the relief prayed for in the second count, is an extremely simple one and based upon the single allegation of desertion. We have no doubt the learned circuit judge, from his experience in such matters, will be able to determine what would be a just compensation to plaintiff for the expense incurred by her in procuring competent attorneys. The decree appealed from is, therefore, reversed and the proceeding remanded to be disposed of in conformity with the views herein expressed. All concur.