MACHINE CO. v. OWINGS.

' (Filed March 13, 1906).

*Election of Remedies — Action for Fraud — Action on Notes—Estoppel.*

1. An action by the plaintiff on the notes of the defendant for the purchase price of certain machines, pursued to judgment and uncollected, is not a bar to an action to recover damages for fraud and deceit on the part of the defendant in procuring the sale.

2. The doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other, but the principle does not apply to co-existing and consistent remedies.

ACTION by the Standard Sewing Machine Co. against D. A. Owings, heard by *Judge E. B. Jones,* at the October Term, 1905, of the Superior Court of CRAVEN.

The plaintiff, holding notes of defendant for the purchase price of certain machines, had instituted two actions on same against defendant, and said actions having been consolidated, plaintiff obtained judgment on said notes against defendant at May Term, 1905, of Craven Superior Court. Defendant, having filed his petition in bankruptcy, obtained an order from the District Court, staying further proceedings in that cause in enforcement of said judgment. Thereupon plaintiff, on July 29, 1905, instituted this action to recover damages for fraud and deceit on part of defendant, by which plaintiff had been induced to sell defendant said machines; and on this action an order for arrest was issued and defendant gave bond as required by the statute.

This last cause, coming on to be heard at October Term, 1905, on motion, the order of arrest was discharged and the surety on the bail bond relieved of all responsibility on same, the court holding that the prosecution of the action on the

notes and obtaining judgment thereon was a bar to any action for fraud and deceit in procuring the sale of the machines. Plaintiff excepted and appealed.

*Simmons & Ward* for the plaintiff.
*Ernest M. Green* for the defendant.

HOKE, J., after stating the case: No reason occurs to us why a suit by plaintiff on the contract, pursued to judgment, uncollected and apparently uncollectible, should bar an action to recover damages for fraud and deceit on the part of defendant, and by means of which the sale was procured. Both actions are consistent in theory, and both in affirmance of the sale. The remedies, in this jurisdiction at least, while consistent, are not always entirely co-extensive, nor are the damages necessarily the same. The weight of authority is also against the position of defendant.

In Enc. Pl. & Practice, vol. 7, 362, the doctrine is stated as follows: "As already stated, the principle does not apply to all co-existent remedies. As regards what have been termed consistent remedies, the suitor may, without let or hindrance from any rule of law, use one or all in a given case. He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final, and, if not satisfied with the result of that, he may commence and carry through the prosecution of another. Thus, where a sale of chattels is induced by the fraud of the vendee, the vendor may prosecute the vendee for the price of the articles in one action, and in another for damages on account of the fraud; both proceeding on the theory of ratifying the sale. But he cannot maintain either if he has rescinded the sale, or if, on the theory of rescission, he has resorted to replevin to recover the property. No suitor is allowed to invoke the aid of the courts upon contradictory principles of redress upon one and the same line of facts."

In 3 Words and Phrases Judicially Defined, p. 2338, it is said: "The whole doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other. The principle does not apply to co-existing and consistent remedies." These statements of the doctrine are supported by well considered decisions, and are very generally accepted as correct. *Whittier v. Collins,* 15 R. I., 90; *Bacon v. Moody,* 117 Ga., 207; *Austen v. Decker,* 109 Iowa, 109; *Black v. Miller,* 75 Mich., 323.

We are referred by defendant to *Palmer v. Preston,* 45 Vt., 154, and *Cuylas v. Railroad,* 76 N. Y., 609, as cases sustaining his position. While the language of the court in these two opinions certainly tends to support the defendant's claim, we doubt if either is an authority in his favor. As decisions, both might very well be distinguished on grounds not inconsistent with our present opinion. If, however, the construction put upon these cases by the defendant be the true one, we hold that they are not in this respect well considered, and that the better doctrine is to the contrary, as heretofore stated.

There was error in discharging the order of arrest and relieving the surety on the bail bond. The same will be set aside and the cause remanded to be proceeded with in accordance with the law.

Error.