J. W. ANDERSON *v.* AMERICAN SUBURBAN CORPORATION.

(Filed 3 May, 1911.)

1. **Written Contracts—Deeds and Conveyances—Bonds for Title—Misrepresentations of Improvements—Parol Evidence.**

    Parol evidence that a development company induced the sale of lots platted on its land to purchasers under contract to convey, by guaranteeing certain improvements to be made within a year which would materially affect the desirability of the lots, is consistent with the written contract which specifies the terms of payment and the restrictions and stipulations under which they may acquire the deed.

2. **Written Contracts—Parol Evidence—Consistency—Interpretation.**

    When the written and contemporaneous parol parts of a contract are consistent, and the law does not require the latter to be in writing, both will be considered in ascertaining what the entire agreement between the parties was.

3. **Same—Fraud—Rescission—Measure of Damages.**

    Upon the failure of a development company to comply with its guaranteed promise of improvements to be made within a year, material to the desirability of its property platted off in lots and relied upon by a purchaser under a bond for title, the purchaser may maintain his action to set aside the contract and recover the money he has paid thereunder, with interest.

4. **Same—Deeds and Conveyances—Principal and Agent—Respondeat Superior.**

    In this case advertisements of a city development company were put in evidence that certain improvements were to be made materially affecting the value of the lots offered for sale, and of instructions given to agents to that effect, which called upon would-be purchasers to get information from its agents, who would see them upon request and exhibit the property. *Held,* sufficient evidence of the agents' authority to bind the company by representations accordingly made.

5. **Deeds and Conveyances—Bond for Title—Assignment to Agent—Principal's Misrepresentation—Rights of Agent—Subrogation.**

When an agent of a land development company has honestly made representations as an inducement for the sale of its lots under a contract to convey, and his principal fails to perform its promise, he may have the purchaser assign the contract to him, upon a sufficient consideration, and maintain his action thereon against his principal.

APPEAL from *Daniels, J.,* at the January Term, 1911, of GUILFORD.

Civil action tried at January Term, 1911, of the Superior Court of Guilford County, his Honor Judge Daniels presiding.

This issue was submitted: Is the defendant indebted to the plaintiff? If so, in what amount? Answer: Yes, in the amount of seven hundred dollars and six per cent interest from the time indicated in the complaint.

From the judgment rendered the defendant appealed. The facts are stated in the opinion of the Court.

*A. L. Brooks and C. A. Hall for plaintiff.*
*Justice & Broadhurst for defendant.*

BROWN, J. There is evidence tending to prove that Dr. Z. T. Brooks contracted to buy ten lots of land of the defendant of a tract which the defendant had purchased and divided up in lots and was offering them for sale through its agent Anderson, the present plaintiff. The land was. situated near the suburbs of Greensboro.

The agreement in writing is entitled "Bond for a Deed," and is signed by defendant and Z. T. Brooks. It contains a number of stipulations and restrictions which it is unnecessary to set out.

The plaintiff was permitted to offer evidence that he was the agent of the defendant, and that as such and with defendant's knowledge he guaranteed to Dr. Z. T. Brooks that if he would purchase said lots and give his obligation therefor that the defendant corporation would guarantee to build a street car line to and make certain improvements upon the property sought to be sold within twelve months from the signing of the contract, and that if the improvements were not so made that his

money would be refunded and the contract canceled. With this understanding and agreement Dr. Z. T. Brooks entered into the contract for the purchase of the lots and paid $550 thereunder. At the expiration of twelve months the defendant corporation had not built the street car line as guaranteed, had not made the improvements connected with the lots, to-wit: put in granolithic sidewalks, extended the water main and other improvements guaranteed, whereupon Dr. Z. T. Brooks demanded of the defendant the return of the money paid, $550, and a cancellation of the contract. The company refused this demand, and the plaintiff, J. W. Anderson, himself made demand upon the company to carry out its contract with Dr. Z. T. Brooks. Upon their refusal to do so he notified them that he would take an assignment of the contract from Dr. Z. T. Brooks, pay the additional $150 then due upon same, and sue the defendant company for the total amount of $700 unjustly held by them. Dr. Z. T. Brooks thereupon assigned these several contracts to the plaintiff, and with the knowledge of all the facts the defendant corporation accepted the assignment and substituted the plaintiff as assignee to all the rights of Dr. Z. T. Brooks under the contract.

There are eight assignments of error set out in the record, and we think six of them relate to the competency of the evidence tending to prove a parol contract or guarantee on the part of the defendant that if Brooks would buy the lots the defendant would build the car line and make the improvements referred to.

We are of opinion that the evidence admitted does not tend to contradict or vary the paper-writing executed by Brooks and the defendant, the terms of which are confined to the payments, restrictions and stipulations under which Brooks was to hold the property.

The agreement to extend the street car line, put in granolithic walks and other improvements was a separate and distinct contract, or representation amounting to a contract, and was not required to be in writing. Such evidence did not in the least contradict or vary the terms of the written instrument, but is consistent with it and both can stand together.

The principle is well expressed in *Kernodle v. Williams,* 153

N. C., 475, citing *Nissen v. Mining Co.,* 104 N. C., 310, as follows: "While it is true that a contemporaneous parol agreement is not competent to vary, alter or contradict the written agreement, still, when a contract is not required to be in writing it may be partly written and partly oral, and in such cases when the written contract is put in evidence it is admissible to prove the oral part thereof."

These collateral agreements, which do not contradict the writing, but are entirely consistent with it, are generally enforceable, and may be proved by parol, notwithstanding the rule excluding parol evidence to vary or contradict the terms of the contract. *Evans v. Freeman,* 142 N. C., 61; *Penniman v. Alexander,* 111 N. C., 427; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97; *Hughes v. Crooker,* 148 N. C., 318; *Kelly v. Oliver,* 113 N. C., 442.

The seventh assignment of error is that the court erred in charging the jury, as appears in exception number twelve, and in submitting to the jury the question as to whether the plaintiff was authorized to make Z. T. Brooks the representations which the plaintiff alleges he did make when there was not sufficient evidence to go to the jury that the defendant had authorized any such representations to be made.

There is abundant evidence to justify the court in submitting to the jury the question as to how far defendant's principal officers knew of and authorized such representations, such as newspaper advertisements by the defendant, printed cards and the like. As a sample of one advertisement we note the following: "Watch the new town grow. Look at Piedmont Heights lots before you purchase. Listen to our representatives who will call on you to explain our proposition and tell you what we propose and guarantee to do, and it will make you money. Water pipes have arrived and will be distributed over the property in a few days and be laid. The cars will be running within twelve months or your money refunded. The company's representatives are R. Y. Zachary, E. W. Wilcox, J. W. Anderson, T. N. Ramsey, W. S. Mallory, D. R. Creecy, Jr. We are already making improvements to the lots equal to any in the heart of the city. Go out and investigate, it costs you nothing

to look. Call up the office over phone No. 932, and the company's representatives will take you out and show you the property. Piedmont Heights Co., room 308, City National Bank Building."

There is also evidence that the president of defendant company gave to the plaintiff, who was then acting as its sales agent, a card for exhibition to purchasers which reads as follows:

Piedmont Heights. Lots $240 to $290. Terms $10 cash and $5 per month. No interest whatever, and no taxes until paid for in full. Free deed in case of death. Electric cars, city water, granolithic sidewalks, etc., guaranteed within 12 months. American Suburban Corporation, Room 308 City National Bank Building, Greensboro, N. C. Telephone 932. Presented by J. W. Anderson, agent.

The law would be untrue to itself if it permitted corporations engaged in developing and selling property to publish such advertisements and issue such cards, to sell the lots, receive the purchase money and then repudiate the acts of its agents as unauthorized.

As said by *Mr. Justice Rodman:* "A corporation can only act through its agents, and must be responsible for their acts. It is of the greatest public importance that it should be so. If a manufacturing or trading corporation is not responsible for the false and fraudulent representations of its agents, those who deal with it will be practically without redress and the corporation can commit fraud with impunity." *Peebles v. Guano Co.,* 77 N. C., 233; *Unitype Type Co. v. Ashcraft,* this term. In this case the agent Anderson appears to have acted in good faith, and to have made the representations with the knowledge and authority of the principal officers of the defendant.

It cannot be permitted to repudiate his acts and at same time retain the purchase money paid because of such representations.

The eighth assignment of error relates to the right of the plaintiff to maintain this action and is likewise untenable. This is clearly a contract that can be assigned, and the assignment by Dr. Brooks to the plaintiff vested in the assignee all the rights, title and interest of the assignor and the assignee has the legal right to maintain the action as the real party in interest.

No error.