## J. J. LYON v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 11 March 1914.)

1. **Appeal and Error—Harmless Error—Carriers of Goods—Connecting Lines—Judgments.**

     In an action to recover damages to a shipment of goods against two connecting carriers alleged to have been caused while in their possession, an issue as to each carrier was submitted to the jury, and the issue of negligence as to one of them was answered in defendant's favor and, as to the other, in plaintiff's favor: *Held*, exceptions arising under the first of the issues are harmless as to the appealing defendant.

2. **Carriers of Goods—Bills of Lading—Parol Contracts.**

     When a carrier has received goods for transportation over its own and a connecting line which were not delivered, and upon consignor's parol request it has them reshipped to the initial or starting point, the latter agreement for reshipment, though resting in parol, is sufficient in an action for damages to the goods occurring while in the carrier's possession.

3. **Carriers of Goods—Delivery—Bad Condition—Prima Facie Case —Trials—Burden of Proof.**

     Where a shipment of goods is received by the consignee from the final carrier in bad condition, and there is evidence that this carrier received the goods from its connecting carrier in good condition, a *prima facie* case of negligence is made out against the delivering carrier, and presents sufficient evidence thereof to be submitted to the jury, with the burden of proof on it.

4. **Carriers of Goods—Connecting Lines—Joinder—Interpretation of Statutes.**

     Where a carrier has accepted a shipment beyond its own line, and upon its not being delivered, agrees by parol to have it reshipped to the starting point, and delivery is made there in bad condition, a joinder of causes of action against the two defendants to recover damages to the shipment while in their possession is proper. Revisal, sec. 469.

5. **Pleadings—Liberal Construction—Connecting Lines—Carriers of Goods—Interpretation of Statutes.**

     Pleadings should be liberally construed so as to present the case upon its real merits (Revisal, sec. 495), and in this case they are held sufficient to determine the negligence of either of the two connecting carriers in damaging a shipment of goods

while in their possession, either in shipping to the first destination, where failure of delivery was made, or upon the return trip, agreed upon by them.

**6. Carriers of Goods—Connecting Lines—Carmack Amendment.**

The Carmack amendment, exempting a carrier from liability for damages to goods caused by the negligence of a connecting carrier, has no application where the damages arise from its negligence, on its own line.

**7. Carriers of Goods—Receipt in Good Condition—Trials—Evidence.**

A carrier is responsible for damages to a shipment caused by its own negligence, and a receipt by the consignee for the goods, as being in good condition, and without objection, is only evidence upon the question as to whether the carrier had damaged them.

**8. Appeal and Error—Court's Discretion—Weight of Evidence.**

Objection that the verdict of the jury is contrary to the weight of the evidence should be addressed to the discretionary power of the trial judge.

APPEAL by defendant from *Whedbee, J.,* at December Term, 1913, of PITT.

This action was brought to recover damages for negligently failing to ship and deliver to plaintiff certain dry goods and bedends with rails attached. The goods were delivered to defendant at Ayden, N. C., and consigned to plaintiff at Newport News, Va. (via Pinner's Point, Va.), where plaintiff was living at the time. The goods were transported by defendant to Pinner's Point, and there delivered to the Old Dominion Steamship Company, and were carried by it to Newport News. Plaintiff inquired at the office of the steamship company for the goods, and was told that they were not there. They remained there about six months, as it appears, when plaintiff, after changing his residence from place to place, finally returned to Ayden, and requested the defendant's agent at Ayden to have the goods reshipped to him at that place. This was done, but when they were received from defendant at Ayden they were found to be in a badly damaged condition; some of the goods were moth-eaten, and others were either broken or missing from the package.

The court submitted three issues to the jury, and they returned the following verdict:

"Did the defendant, the Atlantic Coast Line Railroad Company, or its connecting carrier, the Old Dominion Steamship Company, negligently fail to promptly and safely transport the goods of plaintiff in question from Ayden, N. C., to Newport News, Va., as alleged in the complaint? Answer: No.

"2. If so, what damages is plaintiff entitled to recover of the defendant by reason thereof? Answer: Nothing.

"3. Did the defendant, the Atlantic Coast Line Railroad Company, negligently fail to promptly and safely transport and deliver to plaintiff the goods in question, after they had received the same from the Old Dominion Steamship Company at Pinner's Point, Va., on the return trip? Answer: Yes; by reason A. C. L. Railroad.

"4. If so, what damage is plaintiff entitled to recover of defendant by reason thereof? Answer: $200."

There was judgment upon the verdict, and defendant, after duly excepting and assigning errors, appealed to this Court:

*Julius Brown for plaintiff.*
*Harry Skinner and Louis G. Cooper for defendant.*

WALKER, J., after stating the case: The exceptions relate mostly to the first issue, which was found in favor of the defendant, and this fact rendered harmless any error committed by the court in regard to that issue, and the judgment is not reversible for that reason. *Vickers v. Leigh,* 104 N. C., 248; *Graves v. Trueblood,* 96 N. C., 496; *Perry v. Insurance Co.,* 137 N. C., 402. But we do not see that there was any error, so far as the first issue is concerned.

As to the second issue: There was evidence that plaintiff requested the agent at Ayden to have the packages returned to him at Ayden from Newport News, and defendant undertook to do so. This meets the position that there was no contract for carriage from Newport News to Ayden, but only one from the latter to the former place. The evidence sufficiently showed the relation of shipper and carrier. *Porter v. R. R.,* 132 N. C., 71. Defendant then contended that there was no evidence that the damage to the goods occurred on its line. All the evidence in

the case tends to show that the damage was done on its part of the route. The goods were shipped from Newport News to Ayden, and delivered to defendant at Pinner's Point in good condition. This being so, the principle, as formerly stated by this Court, applies: "On proof that any carrier on the route received the goods in good condition, the burden of proof rests upon such carrier to show delivery in the same condition to the next carrier or to the consignee, it being peculiarly and almost solely within its power to make such proof." *Meredith v. R. R.,* 137 N. C., 478, citing 3 Wood on Railways, 1926; *R. R. v. Tupelo Co.,* 67 Miss., 35; *R. R. v. Emrich,* 24 Ill. App., 245; *Brintnall v. R. R.,* 32 Vt., 665; *U. S. v. R. R.,* 191 U. S., 84. See also *A. C. Line v. Riverside Mills,* 219 U. S., 186. The case falls directly within the principle of *Mitchell v. R. R.,* 124 N. C., 236, where it was held: "Common carriers, while they may limit their common-law liability by special contract, reasonable in its essential features and not contrary to public policy, cannot exempt themselves from the results of their own negligence. In cases of limited liability, proof of shipment and loss or injury makes a *prima facie* case for the shipper, and then the burden is upon the carrier to show that the circumstances of the loss bring it within the excepted causes; and when this is shown, the burden still rests upon the carrier of showing that the loss or injury was not due to its own negligence. It is a principle of law, when a particular fact necessary to be proved rests peculiarly within the knowledge of one of the parties, upon him rests the burden of proof. Among connecting lines of common carriers, the one in whose hands goods are found damaged is presumed to have caused the damage, and the burden is upon it to rebut the presumption." What the Court said in the opinion is specially applicable to our facts: "It is the duty of a common carrier, irrespective of contract, but subject to reasonable regulations, to accept, safely carry and deliver all goods intrusted to it. If the goods are lost, it must show what become of them, and if they are damaged, it must prove affirmatively that they were damaged in some way that would relieve it from responsibility. The plaintiff has a *prima facie* case when he

shows the receipt of goods by the carrier, and their nondelivery or delivery in a damaged condition. Any further defense is in the nature of confession and avoidance." But, as we have said, the evidence on this branch of the case was, that the defendant received the goods in good order and delivered them to plaintiff in bad condition, as it turned out; therefore, whatever the presumption may be, or wherever the burden of proof may rest, the jury could hardly have found otherwise than they did. It was admittedly the duty of the carrier to transport the goods in reasonable time, and, if he received them in good order, to deliver them to the plaintiff in the like condition. *Meredith v. R. R., supra.* It was competent for the parties to make an oral agreement for the shipment of the goods (*McConnell v. R. R.,* 163 N. C., 504; *Berry v. R. R.,* 122 N. C., 1003); but whether we view the case with respect to defendant's common-law liability, or according to the stipulations of its usual contracts, as shown in its bills of lading, there was no escape from liability on its part to the plaintiff, the jury having found, as a fact, that the goods were damaged while in its possession.

We do not think the plaintiff was required to elect as to the cause of action upon which he would proceed to trial. He had the right to join the two causes of action, as they were of a kindred nature, though separate and distinct. They arose out of transactions connected with the same subject of action; they both could be made to sound in tort, or both in contract, at plaintiff's election, depending upon how he pleaded them, and they also were for injuries to property. So that they answer to several of the requisites for a joinder, as permitted by the statute. Revisal, sec. 469. Plaintiff was entitled to recover damages upon each separately; on the one, for delay in delivery, or failure to deliver, at Newport News, and on the other, for the damage to the goods during the latter part of the transit, when on their return journey to Ayden. The joinder could be made, and both causes prosecuted to judgment, just as in the case of two promissory notes given by the defendant at different times, which may be united in two separate counts of the complaint and judgment given upon both. The cases cited by defendant in support

of his motion to compel an election by the plaintiff are not applicable. They refer to a confused joinder in one count, or to two inconsistent causes of action improperly joined. In such cases, plaintiff may properly be required to adopt one and abandon the other, or to reform his complaint, so as to make it square with the rules of good pleading. Besides, no harm has come to defendant, as the jury found for it on the first issue.

Defendant attacks the complaint, as a pleading, because it is so inartificially drawn as not to allege a cause of action for damage to the goods on the return trip. We think, though, that while it is not very full or accurate, it is sufficiently so, by liberal construction—which we are bound to give—to warrant the submission of the second issue and to support the judgment. In order to promote justice and to eschew mere technicalities, so that cases may be decided upon their real merits, we are enjoined to be liberal in construing pleadings. Revisal, sec. 495; *Blackmore v. Winders,* 144 N. C., 212; *Jones v. Henderson,* 147 N. C., 120. If defective, the pleading has been aided and its deficiencies supplied by the verdict. *Garrett v. Trotter,* 65 N. C., 430. There was no material variance, as defendant could not have been misled. Revisal, secs. 575, 576.

The Carmack amendment is foreign to this case. There was no attempt to make defendant, as the initial carrier, responsible beyond its own line, except under the first issue, which the jury answered in its favor. It has been held responsible only as the final carrier in the course of transit, and the one from whom the goods were received by the plaintiff in a damaged condition. It is liable, as we have shown, by the principles of the common law. The doctrine of connecting carriers, therefore, has no application to the case.

Defendant's prayer for instruction was properly refused. It was not the apparent condition of the goods at the time it delivered them to plaintiff, but their actual condition, that determined its liability. The receipt for the goods by the plaintiff as being in apparent good order, and without objection at the time, was merely evidence for the jury upon the question as to their condition.

It is possible that the jury have found that the damage was done between Pinner's Point and Ayden, when, in fact, they should have found that it all occurred at Newport News, while the goods were lying in the warehouse of the steamship company, and this is plausible, if not probably the correct view; but the mistake, if thus made, should have been corrected below by application for the exercise of the discretionary power of the court to set aside the verdict. We cannot help the defendant here.

The other exceptions are fully covered by what has already been said, and require no further discussion.

No error.