## AMBROSE BARE v. A. A. THACKER.

(Filed 18 November, 1925.)

**Actions—Torts—Debt—Fraud—Independent Actions.**

> Where an action for debt has been prosecuted to final judgment, establishing the debt, an independent action in tort may thereafter be maintained for fixing the defendant with fraud in its procurement subsequently discovered by the plaintiff. *Machine Co. v. Owings,* 140 N. C., 503, cited and approved.

APPEAL by plaintiff from *Schenck, J.,* at April Term, 1925, of ASHE.

Civil action in tort to fix the defendant with liability for fraud in contracting a debt.

Plaintiff alleges that in November, 1922, he was induced to sell some cattle to the defendant and to extend him credit therefor to the extent of $770.00.

Upon failure to pay for said cattle, plaintiff brought suit against the defendant in the Superior Court of Ashe County and obtained judgment for his debt on 30 April, 1923. Execution was issued on this judgment and returned *"nulla bona."*

Plaintiff alleges that he was induced to sell the cattle in question to the defendant and to extend him credit therefor upon the representation, fraudulently made by the defendant, that he was amply solvent and able to meet his obligations. This representation, it is alleged, was false and was made with intent to deceive the plaintiff, and plaintiff acted upon it to his injury. Plaintiff further alleges that he did not discover

the fraud until after his suit, brought to establish the debt, had been tried and execution returned unsatisfied.

At the close of plaintiff's evidence, and on motion of defendant, there was a judgment as of nonsuit, from which the plaintiff appeals.

*T. C. Bowie for plaintiff.*
*Brawley & Gantt and Councill & Bauguess for defendant.*

STACY, C. J. The judgment of nonsuit was entered upon the theory that the matter, now sought to be litigated, was waived by the plaintiff in his suit on the debt, and that an independent action in tort may not be brought to establish the fraud, after judgment has been taken on the debt, in the contracting of which, it is alleged, the fraud was practiced. C. S., 768, subsection 4.

It is conceded that the issue of fraud was not raised in the first suit. Defendant says in his answer: "There was no allegation of fraud in the former complaint, no issue submitted to the jury and no order of arrest served in said action." Indeed, plaintiff alleges that he did not discover the fraud until after execution on the judgment, establishing the debt, had been returned unsatisfied. So we have the naked question as to whether an issue of fraud may be raised and tried after judgment on the debt, in the contracting of which, it is alleged, the fraud was practiced. We perceive no valid reason why this should not be done, especially when the plaintiff was ignorant of the fraud at the time of suit on the debt. *Stewart v. Bryan,* 121 N. C., 46; *Preiss v. Cohen,* 117 N. C., 54; *Peebles v. Foote,* 83 N. C., 102; *Claflin v. Underwood,* 75 N. C., 485.

The authorities elsewhere are in sharp conflict as to whether a vendor of chattels, who has been induced to sell by the fraudulent representations of the vendee, may maintain an action in tort for such fraud after having sued for the purchase price. See note, 8 L. R. A. (N. S.), 582. But in North Carolina the question has been resolved in favor of the maintenance of such a suit. Speaking directly to the point in *Machine Co. v. Owings,* 140 N. C., 503, where the question was decided, *Hoke, J.,* said: "No reason occurs to us why a suit by plaintiff on the contract, pursued to judgment, uncollected and apparently uncollectible, should bar an action to recover damages for fraud and deceit on the part of defendant, and by means of which the sale was procured. Both actions are consistent in theory, and both in affirmance of the sale. The remedies, in this jurisdiction at least, while consistent, are not always entirely coextensive, nor are the damages necessarily the same. The weight of authority is also against the position of defendant."

On authority of this case, the judgment of nonsuit must be
Reversed.