F. E. LYKES & COMPANY, INC., v. E. W. GROVE, JR., ET AL.

(Filed 2 July, 1931.)

1. **Election of Remedies A b—Plaintiff must elect between suit for rescission and action for breach of contract.**

   The plaintiff is put to his election between bringing a suit for the rescission of a contract *ab initio*, where fraud is not alleged, and bringing an action for damages for the breach thereof, as he will not be permitted to deny and affirm the contract at the same time, but where special damages have been sustained, notwithstanding the rescission, rescission will not bar a recovery of such special damages.

2. **Election of Remedies A a—Plaintiff may not unite two inconsistent causes of action in complaint.**

   Where two inconsistent causes of action are joined in the same complaint the plaintiff will be required to adopt one and abandon the other, or to reform the complaint to make it square with the rules of good pleading. The distinction is noted between inconsistent remedies and inconsistent defenses allowed by statute. C. S., 522.

3. **Cancellation and Rescission of Instruments A e—Suit for rescission of contract held properly dismissed.**

   Where the plaintiff seeks to have a contract for the purchase of land rescinded on the ground of total failure of consideration, there being no allegation of fraud, and sets up agreements to assist him in the erection of a building on the land purchased and to erect a building on adjoining land, and alleges that the agreements were material inducements to the purchase of the land, and that the agreements were not performed, and

it appears that a building on the adjoining land has been completed by another substantially as promised the plaintiff and that the plaintiff has suffered no damage by failure to perform, and it does not appear that the plaintiff has ever been in a position to insist upon performance of the agreement to assist in financing a building on his land, or, if so, that he suffered injury for the nonperformance: *Held*, the plaintiff's suit for rescission is properly dismissed, the evidence failing to show want of consideration entitling him to the relief sought.

APPEAL by plaintiff from *McElroy, J.,* at January Term, 1931, of BUNCOMBE.

Civil action to rescind contracts for purchase and sale of real estate, recover cash payments made thereon and cancel notes and deeds of trust given for unpaid balances of purchase price, or, failing in this, to recover damages for breaches of said contracts.

Plaintiff alleges, and offers evidence to prove, that on or about 5 October, 1925, he bought from E. W. Grove lots 1, 2 and 3, Block B, Battery Park Development, in the city of Asheville, at and for the price of $159,525, with the understanding, first, that Grove was to erect a large Arcade Building on the center square of said development, retained by him, and complete the same by 1 April, 1927; second, that the said Grove would help the plaintiff finance the erection of a building on its property by reducing his notes 5 per cent and accepting a second mortgage as security: *Provided,* the first mortgage did not exceed 60 per cent of the value of the building; and further, that this should be done within a period of eighteen months.

About a year later the plaintiff, desiring to enlarge its plans, purchased from one Frank L. Nelson, with the advice and consent of the said E. W. Grove, three adjacent lots, 4, 5 and 6, Block B, Battery Park Development, at and for the price of $206,250, under similar terms and conditions and with like verbal assurances from the said E. W. Grove as to completion of the Arcade Building and financial assistance for the erection of a hotel and theatre building on plaintiff's enlarged premises. Deed for these lots was made direct from Grove to the plaintiff as title had not passed to Nelson at the time of plaintiff's purchase. (Nelson held a more favorable contract with Grove than the plaintiff, and there is a suggestion, at one place in the record, that this was taken over by the plaintiff, but the whole testimony is otherwise, and the allegation is not pressed.)

Matters were progressing satisfactorily when the death of E. W. Grove, 27 January, 1927, caused an interruption of the proposed plans, The deceased had spent approximately half a million dollars on the Arcade Building up to that time. Representatives of the Grove estate declined to carry out the agreements which the deceased had with the plaintiff, and not until the summer of 1928 was work resumed on the

Arcade Building after it had been purchased by one Walter P. Taylor, who completed it in the spring of 1929, not entirely according to the original plans, however.

The plaintiff has paid on said lots the sum of $110,273.93 in principal, interest and taxes.

Plaintiff alleges that "a total failure of consideration for the purchase of said lots" has resulted from the refusal of the defendants to recognize and perform the agreements made by the said E. W. Grove; and that it has been damaged in a large sum by reason of said refusal and breach of said contracts on the part of defendants.

The first prayer is for a return of all cash payments and cancellation of the notes and deeds of trust given by plaintiff for balances of purchase price on said lots.

The second prayer is "that in the event said contracts of purchase are not rescinded, the plaintiff have and recover of the defendants by way of damages the sum of $150,000."

On motion of defendants, the trial court ruled that, as the plaintiff had originally declared for rescission of the contracts, and then later, in its amended complaint, again asked for rescission, or, failing in this, demanded damages for defendants' refusal to carry out said contracts, it had thereby elected to stand on its alleged right to rescind said agreements. The second cause of action for damages was thereupon dismissed. Objection and exception.

At the close of plaintiff's evidence on the first cause of action, in which rescissions of the contracts were sought, on the ground of an alleged total failure of consideration (no fraud being alleged), the same was dismissed as in case of nonsuit. Plaintiff appeals, assigning errors.

*Vonno L. Gudger and Alfred S. Barnard for plaintiff.*
*Merrimon, Adams & Adams and J. W. Pless for defendants.*

STACY, C. J., after stating the case: Can a plaintiff unite in the same complaint an action for the rescission of a contract and one for its breach? The decisions are to the effect that he may not, as this would be to deny and affirm the contract at the same time—"to blow hot and cold in the same breath." The rights are opposed and the remedies are inconsistent. *Machine Co. v. Owings,* 140 N. C., 503, 53 S. E., 345; *Davis v. Lumber Co.,* 132 N. C., 233, 43 S. E., 650; *Fleming v. Congleton,* 177 N. C., 186, 98 S. E., 449; *Pritchard v. Williams,* 175 N. C., 319, 95 S. E., 570; *Power Co. v. Casualty Co.,* 193 N. C., 618, 137 S. E., 817; *Irvin v. Harris,* 182 N. C., 647, 109 S. E., 867; 9 R. C. L., 965.

Speaking to the subject in *Stewart v. Realty Co.,* 159 N. C., 230, 74 S. E., 736, *Brown, J.,* delivering the opinion of the Court, says: "Res-

cission will bar an action for damages when the only damage sustained is in not getting what was bargained for, and no special damages have been proven. 14 Am. & E., 170. But where special damages have been sustained, so that the party defrauded is damaged, notwithstanding the rescission, his rescission of the contract will not bar a recovery of such special damages. *R. R. Co. v. Hodnett,* 29 Ga., 461; *Nash v. Title Insurance Co.,* 163 Mass., 574; *Warren v. Cole,* 15 Mich., 265. . . . It seems to be well settled that an election once made, with knowledge of the facts, between coexisting, remedial rights, which are inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to any action, suit, or proceeding, based upon any remedial right inconsistent with that asserted by the election. 15 Cyc., 262; *Moller v. Tusker,* 87 N. Y., 166; *Clausen v. Head,* 110 Wis., 405."

Nor is the decision in *Anderson v. Corporation,* 155 N. C., 131, 71 S. E., 221, cited and relied upon by plaintiff, at variance with this position. There the action was in affirmance of the contract, which provided that unless the improvements stipulated in the agreement of the parties were made agreeably thereto, plaintiff's money would be refunded and the contract canceled. And in *Troxler v. Building Co.,* 137 N. C., 51, 49 S. E., 58, rescission was sought and obtained on the ground of fraud. Fraud was also the basis of the action in *Hinsdale v. Phillips,* 199 N. C., 563.

The law is otherwise with respect to cumulative and consistent remedies, all of which are based either on affirmance or disaffirmance of the contract. *Machine Co. v. Owings, supra; Bare v. Thacker,* 190 N. C., 499, 130 S. E., 164; *Case v. Ewbanks,* 194 N. C., 775, 140 S. E., 709; 9 R. C. L., 958; 20 C. J., 13. And a distinction is to be observed between an abandonment of performance which recognizes the existence of a valid contract, and rescission *ab initio. Flickinger v. Glass,* 222 N. Y., 404; *Anderson v. Corporation, supra.*

There was no error, therefore, in requiring the plaintiff to elect between its action to rescind, and its alternative and inconsistent action for damages. *Warren v. Susman,* 168 N. C., 457, 84 S. E., 760; *Fields v. Brown,* 160 N. C., 295, 76 S. E., 8; *Huggins v. Waters,* 154 N. C., 443, 70 S. E., 843; *Dunlap v. Ingram,* 57 N. C., 178; *Pettijohn v. Williams,* 55 N. C., 302; *Marx v. Marx,* 89 Mo. App., 455; 9 R. C. L., 958; 20 C. J., 44. Where two inconsistent causes of action are improperly joined in the same complaint, it is proper to require the plaintiff to adopt one and abandon the other, or to reform the complaint so as to make it square with the rules of good pleading. *Lyon v. R. R.,* 165 N. C., 143, 81 S. E., 1.

The cases of *Worth v. Trust Co.,* 152 N. C., 242, 67 S. E., 590, and *Wiggins v. Motor Co.,* 188 N. C., 316, 124 S. E., 621, do not announce

a contrary rule, but, by correct interpretation, they accord with this procedure. See, also, valuable opinion of *Cothran, J.,* in the case of *McMahan v. McMahan,* 115 S. E., 293, 26 A. L. R., 1295.

It should be observed, perhaps, that we are not dealing with inconsistent *(McLamb v. McPhail,* 126 N. C., 218, 35 S. E., 426) or contradictory *(Upton v. R. R.,* 128 N. C., 173, 38 S. E., 736) defenses, set forth by answer, such as are permitted under C. S., 522. *Williams v. Hutton,* 164 N. C., 216, 80 S. E., 257.

It is equally clear, we think, that the trial court ruled correctly in entering judgment as of nonsuit on the plaintiff's first cause of action. There is no allegation of fraud, and no sufficient evidence of total or substantial failure of consideration, available to the plaintiff. 24 A. & E. Enc, of Law, 644. Even if the erection of the Arcade Building were a material inducement to the contracts of purchase, as plaintiff alleges, this has been completed as originally contemplated, or substantially so, with the exception of the tower, according to plaintiff's own witnesses. Likewise, if the agreement to aid the plaintiff in financing the erection of a building on the lots purchased by it were a material inducement to the contracts of purchase, as plaintiff alleges, it does not appear from the record that the plaintiff so positioned itself as to be able to insist upon the terms of this agreement, or, if so, that it suffered injury from its breach or nonperformance on the part of the defendants. *Flour Mills v. Distributing Co.,* 171 N. C., 708, 88 S. E., 771; Black on Rescission and Cancellation, sections 198, 202, 213.

The record presents no sufficient reason for disturbing the ruling of the Superior Court.

Affirmed.