Civil action to recover of the defendant the proceeds of a life insurance policy, dated 27 January, 1926, issued on the life of Joe Ellis, for $1,000.00, payable upon death to plaintiff, John H. Abrams, his nephew, as beneficiary. The premiums are stipulated in the policy contract to be payable on each 27th day of January, May, August and November. The insured, Joe Ellis, was adjudicated non compos mentis on 14 April, 1938, and committed to the State Hospital for the Insane at Raleigh, N.C. where he resided until his death on 11 October, 1941. Defendant admitted knowing these facts prior to August, 1939. The premiums on the policy were paid by plaintiff, John H. Abrams, being collected from him by a local agent of the company, up to and including the premium due 7 May, 1939.
On 27 August, 1939, the local agent of defendant company called on plaintiff, John H. Abrams, for payment of a premium which defendant company claimed was due 27 July, 1939, and, upon Abrams' statement that he did not have any money, he was informed by the agent that that day was the last day of grace, that he could not accept payment thereafter except "with a certified form" (meaning application for reinstatement).
Plaintiff testified that he thereafter examined the policy and found that the premium was not due until 27 August, that within the grace period of 31 days provided in the policy, he tendered the premium to the local agent of the defendant, and that the agent refused to accept the premium, stating that the policy had lapsed. The agent of the defendant denied that tender was made to him.
The defendant admits that in issuing the policy referred to herein, the dates for the payment of the quarterly premiums are stated in the policy as contended by the plaintiff, to wit, on the 27th day of January, May, August and November of each year, but alleges that patently the dates should have been on the 27th day of January, April, July and October of each year. *Page 501 
The defendant further admits that upon the lapse of said policy for the nonpayment of the premium due 27 July, 1939, it canceled the policy and remitted the net cash value thereof by check to the insured, which check was never cashed.
The plaintiff alleged and offered evidence tending to show that at the time of the attempted cancellation of the policy, no premium was due and payable under the terms of the contract, and that the cancellation was attempted without giving notice as required by law, either to the insured or the plaintiff.
Plaintiff tendered the following issues:
"1. Did the defendant fail to give due notice of premium due and payable under said policy as of August 27th, 1939, as alleged in the complaint?
"2. Did the plaintiff offer to make payment of the premium due and payable under said policy as of August 27th, 1939, and within thirty-one days thereafter, as alleged in the complaint?
"3. Was the insured, Joe Ellis, non compos mentis from April, 1938, until his death in October, 1941, as alleged in the complaint.
"4. Did the defendant wrongfully attempt to lapse the policy of insurance sued on as of July 27th, 1939, as alleged in the complaint?
"5. In what amount, if any, is defendant indebted to plaintiff by reason of said policy of insurance?"
His Honor refused to submit issues Numbers 1, 3 and 4, to which plaintiff duly excepted.
To the first issue submitted to the jury, being Number 2 as set forth above, the jury answered "No." To the issue Number 5 as set forth, the jury answered "$7.00."
Judgment was entered accordingly. The plaintiff appealed and assigns error.
The plaintiff is seeking a recovery under the terms of the policy referred to herein. He alleges a tender of the premium in controversy while the policy was in force and that the defendant refused to accept the tender. Plaintiff testified in support of his allegations. The defendant denied tender. The issue submitted on this question was answered by the jury in favor of the defendant.
We find no error in the trial below which would warrant a new trial on the question of tender and the issue must stand. Pinnix v. Griffin,221 N.C. 348, 20 S.E.2d 366. *Page 502 
However, the plaintiff also alleges wrongful cancellation of the policy, which constitutes a cause of action for breach of contract and one which is not inconsistent with the cause of action based on the contract. The defendant admits the cancellation of the policy. Lykes Co. v. Grove,201 N.C. 254, 159 S.E. 350; Bare v. Thacker, 190 N.C. 499,130 S.E. 164; Irvin v. Harris, 182 N.C. 647, 109 S.E. 867; Fleming v.Congleton, 177 N.C. 186, 98 S.E. 449; Pritchard v. Williams, 175 N.C. 319,95 S.E. 570. It was error to refuse to submit an issue on the question as to whether or not the policy of insurance was wrongfully canceled. Garland v.Jefferson Standard Life Ins. Co., 179 N.C. 67, 101 S.E. 616; C. S., 6465.
We deem it unnecessary to discuss the other exceptions, since they may not arise upon another trial.
For the reasons stated, there must be a
Partial new trial.