THOMASON v. JULIAN.

(Filed November 10, 1903.)

WILLS—*Descent and Distribution*—*The Code, sec. 2145*—*Testaments.*

> A will expressly excluding the children of the testator born after the execution thereof makes a provision for them under The Code, sec. 2145, and such children do not share in the estate as though the testator had died intestate.

ACTION by Kate I. Thomason and others against D. R. Julian and others, heard by Judge *T. A. McNeill* at May Term, 1903, of the Superior Court of ROWAN County. From a judgment for the plaintiffs the defendants appealed.

*L. H. Clement* and *Hayden Clement,* for the plaintiffs.
*Overman & Gregory,* for the defendants.

CLARK, C. J. W. T. Thomason in the third article of his will devised to his children, Willie, Katie, Annie and Mary (these plaintiffs), as follows: "In fee-simple all the real estate of which I may die seized and possessed, to them and their heirs forever, subject only to the dower interest of my wife, as mentioned in article 2 of this will, and *to the exclusion of any children now living or hereafter to be born of my present marriage.*" In article 6 of said will he further shows his intention to exclude the defendants, the children of the

second marriage, as follows: "All the rest and residue of my estate I give and bequeath unto my said children, Willie, Katie, Mary and Annie (children born of my former marriage), in equal proportions and *to the exclusion of any children now living or hereafter to be born of my present marriage.*"

.The five wards of the defendant are children of the second marriage, all of whom were born after the execution of the will, and one after testator's death, and there was one other child of the second marriage who was born before the execution of the will. The will, which made no provision whatever for the children of the second marriage, was not discovered until several years after testator's death, and this action is brought to recover of the guardian of the children of the second marriage the proceeds of realty which had been sold for partition in an *ex parte* proceeding by all the heirs at law. The defendant relies upon The Code, section 2145— "children born after the making of the parent's will and whose parent shall die without making any provision for them shall be entitled to such share and proportion of said parent's estate as if he or she had died intestate, and the rights of such after-born child shall be a lien on every part of the parent's estate, until his several share thereof is set apart in the manner prescribed in this chapter."

The defendant contends that this invalidates the exclusion of his wards, and such is the literal wording, but the true meaning of the section has been held in *Meares v. Meares,* 26 N. C., 192, and *King v. Davis,* 91 N. C., at p. 147 (and we think correctly), to be that "without making any provision," is not intended to be construed to mean that there must be a gift of certain property or thing for the children, for that would be to merely adopt the popular misconception of "cutting one off with a shilling," but that "without making any provision" means any arrangement or circumstances tending

to show that the testator had these children in mind when the will was made and without any indication that it was his purpose to disinherit them. That purpose does fully and unmistakably appear in this will.

The Legislature is sovereign over the disposition of the property of one deceased, and can restrict, permit or refuse the power of disposition by will, and the statutes of wills, of distributions and of descents can be changed, like any other, at the pleasure of the law-making power. Till the Statute of Wills, 32 and 34 Henry VIII., disposition of lands by will was not allowed in England, and the power to dispose of personalty was restricted. By the Code Napoleon (sec. 913, et seq.), which largely prevails on the continent of Europe, a testator can dispose by will of no more than a child's part of either his realty or personalty when there are children, and can only dispose by will of a small share, specified in the statute, when there are no children. A very interesting discussion of the origin of disposition of property by will is to be found, 2 Bl. Com., 488-492; 4 Kent Com., 501-504; 1 Underhill Wills, 1; 1 Redf. Wills Ch., 1; Cooper's Justinian, note p. 485. Under our present statute a testator is inhibited from any disposition whose effect would be to infringe upon the widow's right of dower, and this restriction could unquestionably be either extended or restricted, as to her or applied to children's share or others. But this statute, The Code, sec. 2145, was not intended to extend such restriction in favor of unborn children. If such had been the purpose it would have specified, as in the case of the widow, what sum would be a sufficient provision. Without that a nominal sum—a cent or a penny—would be sufficient, and we think the true construction is that the statute does not secure any provision, but intends that when the testator has failed to provide for children born after the execution of the will the presumption is that the failure to provide for them is unintentional,

and they will be given a child's share, but that the statute is not intended, like the statute above cited, to secure such unborn children a share of the father's estate, when (as here) it is clear that he intended to disinherit them. The Legislature could so enact, but we do not think such is a just construction of The Code, section 2145.

No error.