WILLIAM B. FLANNER, Jr., BY HIS NEXT FRIEND, J. A. PATTER-
SON, v. WILLIAM B. FLANNER.

(Filed 3 October, 1912.)

1. Wills—After-born Child—Descent and Distribution—Intent—In-
terpretation of Statutes.

Revisal, sec. 3145, providing that when children are born
"after the making of the parent's will" and the parent die with-
out making provision for them, they "shall be entitled to such
share and proportion of such parent's estate as if he or she had
died intestate," etc., is construed as not intending to control a
parent as to the provision he should make for the child, but to
apply when by inadvertence or mistake the after-born child has
not been provided for; and unless the omission was intentional,
or provision is made for the child, either under the will or some
settlement or provision ultra, the after-born child takes his share,
and the statute applies whether there was one or more children.

2. Wills — Married Women — After-born Child—Legislative Acts—
Constitutional Law.

The right of married women to dispose of their property by
will is a conventional rather than an inherent right, and its reg-
ulation rests largely with the Legislature; Art. X, sec. 6, con-
ferring upon married women the right to make a will, etc., "as
if she were unmarried," was designed chiefly to remove the
common-law restriction on married women in this respect, and
was not intended to free such right from every and all legisla-
tive regulation. The act in question here is not in conflict with
the constitutional provision.

APPEAL by defendant from Whedbee, J., at August Term,
1912, of CRAVEN.

Controversy without action. The facts agreed upon and
formally presented are as follows:

1. That William B. Flanner, Sr., and Lizzie H. Flanner were
husband and wife, but without children on 16 May, 1891.

2. That on said day Lizzie H. Flanner duly executed her last
will and testament in words and figures as follows:

In the name of God, Amen.

I, Lizzie H. Flanner, being of sound mind and memory, do
make this my last will and testament. I give, grant, and devise

to my beloved husband, William .B. Flanner, all my .property of every kind, real, personal, and mixed.

Witness my hand and seal, 16 .May,.1891.

LIZZIE H. FLANNER [SEAL].

3. That thereafter, to wit, on 7 February, 1892, the plaintiff, William B. Flanner, Jr., was born unto said William B. Flanner, Sr., and his said wife, Lizzie H. Flanner.

4. That thereafter said Lizzie H. Flanner died seized and possessed of a valuable tract of land lying situate in Craven County, N. C., containing 440 acres, more or less, and being the same land described in the deed. of J. F. Clark and wife to W. B. Flanner, dated 24 November, 1886, and registered in the office of the Register of Deeds of Craven County in Book 95, page 114; also an undivided one-sixth part of the whole of certain lands situate in Mecklenburg, N. C.

5. That said William B. Flanner, Jr., was and is the only child of said Lizzie H. Flanner.

6. The said will was probated on 13 November, 1893, and registered in the office of the Clerk of the Superior Court of Craven County in Record of Wills, Book F, p. 102.

Upon said facts the court entered judgment: "This case coming on to be heard before me by consent of all parties upon an agreed statement of facts filed in the record, and upon said statement of facts the court being of the opinion that the plaintiff, William B. Flanner, Jr., is the owner of the real estate fully described and set out in said agreed statement of facts, subject to the life estate of his father, William B. Flanner, Sr., it is therefore ordered, adjudged, and decreed by the court that the said William B. Flanner, Jr., is the owner in fee, subject to the life estate of his father, William B. Flanner, Sr., of the entire real estate described in said agreed statement of facts aforesaid."

Defendant excepted and appealed.

*R. A. Nunn for plaintiff.*
*Guion & Guion for defendant.*

HOKE, J. Under the principles of the common law as understood and allowed to prevail in this State, the subsequent birth

of a child did not of itself amount to revocation of a testator's will. *McCay v. McCay*, 5 N. C., 447. That case presented at nisi prius in Rowan County at October Term, 1808, seems to have attracted the attention of the Legislature, and at November session following a statute was enacted regulating the subject and in terms substantially similar to the provision as it now appears in Revisal 1905, sec. 3145, to wit:

"SEC. 3145. *Void as to after-born children.* Children born after the making of the parent's will and where parent shall die without making any provision for them, shall be entitled to such share and proportion of such parent's estate as if he or she had died intestate, and the rights of any such after-born child shall be a lien on every part of the parent's estate until his several share thereof is set apart," etc.

Construing this and other statutes of like purport, the courts have generally held that they were not designed to control a parent as to the provision he should make for his child, but the correct interpretation should proceed on the theory that the law was only intended to apply when the omission to provide for an after-born child was from inadvertence or mistake, and this position should be allowed to prevail unless the will in express terms showed that the omission was intentional, or unless, as contemplated by the statute, provision was made for the child by the parent either under the will or by gift or settlement ultra, "whether before, contemporaneous with, or after the making of the will." *Thomason v. Julian*, 133 N. C., 309; *Meares v. Meares*, 26 N. C., 192; *Chace v. Chace*, 6 R. I., 407; *Gay v. Gay*, 84 Ala., 38; concurring opinion, *Somerville, J.*, p. 47.

In our opinion, the spirit and proper meaning of the law both require that its beneficent provisions should apply whether there be one or more children, and we may not approve the position contended for by defendant, that the statute was not intended to control where, as in this case, there was only one child. In the original statute of 1808 the terms were "child or children," and the word child was dropped in the enactment of 68 and 69, ch. 113, sec. 62, no doubt, because the word children was considered sufficiently comprehensive to include the one case or the other, and the subsequent portion of the section was

only so expressed in order to make the claim of after-born children efficient in cases where there should be more than one.

It was further urged for defendant that the statute cannot be upheld, in that it deprives a married woman of the right to dispose of her property by will pursuant to Article X, sec. 6, of our State Constitution; but the position involves a misconception of the meaning of this provision as applied to the facts of the present case. The section referred to, after providing that the property of a married woman acquired before marriage and all to which she may become entitled afterwards shall remain her sole and separate estate, etc., continues as follows: "and may be devised and bequeathed and, with the written assent of her husband, conveyed by her as if she were unmarried." This right to dispose of property by will is a conventional rather than an inherent right, and its regulation rests largely with the Legislature except where and to the extent that same is restricted by constitutional inhibition. *Thomason v. Julian, supra;* 1 Underhill on Wills, p. 1; 2 Blackstone Common., pp. 488-492.

Being properly advertent to this principle, a perusal of the section relied upon will disclose that its principal purpose in this connection was to remove to the extent stated the common-law restrictions on the right of married women to convey their property and dispose of same by will, and was not intended to confer on them the right to make wills freed from any and all legislative regulation. The right conferred is not absolute, but qualified. She may "devise and bequeath her property and, with the written assent of her husband, convey the same *as if she were unmarried*," and not otherwise. The laws on this subject presented in the appeal vary somewhat in the different States, and at times require differing interpretations, but in statutes like ours authority here and elsewhere is to the effect that when these provisions for after-born children apply they do not amount to a revocation of the will *in toto,* but only render the same inoperative as to the after-born child for which no provision has been made, and that such child takes, not under the will, but rather against it, and holds by descent or under the statute of distribution, according to the nature of the prop-

160—9

erty; and from this it follows that the probate of the will works no estoppel against the claimant, and on the facts presented defendant is entitled to an estate as tenant by curtesy, the interest awarded to him in the judgment. *Thomason v. Julian, supra; Devane v. Saks,* 32 Me., 268; *Lovieux v. Kellar,* 5 Iowa, 196; Pritchard on Wills, secs. 299-300; 1 Underhill on Wills, sec. 241.

There is no error in the judgment, and the same is affirmed as rendered.

Affirmed.