SALLIE HILL v. MARTIN HILL.

(Filed 9 October, 1918.)

1. **Reformation of Instruments — Equity — Mutual Mistake—Evidence—Estates—Deeds and Conveyances—Ratification.**

In an action to correct a deed, for mutual mistake of the parties, from a conveyance in remainder to a fee-simple title in the first taker, the evidence tended to show that the grantors knew at the time of its execution that the instrument conveyed the estate to the plaintiff for life, with the remainder over; and that the plaintiff was informed a month after the registration of the deed that she took only for life thereunder, and acted in some instances in recognition of the rights of the remainderman, and so held the possession for many years: *Held,* the evidence was insufficient for reformation of the instrument; and the plaintiff, having taken under the deed, must be held to have affirmed it as it was written.

2. **Deeds and Conveyances—Estoppel—Heirs at Law—Descent.**

The acceptance of an heir at law from the others of a deed to all of their "right, title, and interest" in the lands does not estop him from claiming such interest as may have descended to himself as an heir at law.

APPEAL by both parties from *Calvert, J.,* at June Term, 1918, of LENOIR.

This is an action to correct a deed, the plaintiff alleging that it was the intent of the parties that it should convey to her a fee-simple estate.

The premises and *habendum* of the deed are as follows:

"That the said parties of the first part, for and in consideration of the conveyance to the said parties of the first part by said party of the second part, of all her interest in the personal property of the late Amos Stroud, Sr., deceased, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do bargain, sell, and convey to said party of the second part, during the term of her natural life, and at her death to her son, Martin Hill, and his heirs, in fee simple forever, all their right, title, and interest in a certain tract or parcel of land situate in Lenoir County, State of North Carolina, adjoining the lands of Daniel Stroud, William Stroud, Ira Deaver, and others, bounded as follows (description omitted).

"To have and to hold the aforesaid right, title, and interest in the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging to the said Sallie Hill during the term of her natural life, and at her death to her son, Martin Hill, and his heirs in fee simple forever."

The plaintiff is a daughter and heir of Amos Stroud, Sr., and the grantors in the deed are the other heirs.

There were eleven children of Amos Stroud, Sr.

At the conclusion of the evidence, his Honor held that there was no evidence of mistake, and the plaintiff excepted. He also held that the plaintiff was entitled to one-eleventh of the land as heir of Amos Stroud, Sr., and to a life estate in the whole under the deed. The defendant excepted to the ruling that the plaintiff was entitled to one-eleventh of the land.

Judgment was entered in accordance with these rulings, and both parties appealed.

*Moore & Moore and Ware & Ward for plaintiff.*
*Cowper, Whitaker & Hamme for defendant.*

ALLEN, J. The evidence for the plaintiff shows that Amos Stroud, Sr., made advancements in land and money to all of his children, except the plaintiff, prior to his death, and that the deed, which the plaintiff wishes to correct, was executed by his heirs, but there is no evidence that the deed is not as it was intended by the grantors and the grantees; and the plaintiff, examined in her own behalf, did not offer to testify to any mistake or that there was any previous agreement with her father or the

heirs with which the deed does not conform. On the contrary, the evidence of the witnesses for the plaintiff proves that there was no mistake in the execution of the deed.

David Stroud, a grantor, and a witness for the plaintiff, testified:

Q. "Now, Mr. Stroud, speaking for yourself alone, I will ask you if you didn't fully understand when you signed this paper yourself that you were joining in a deed to the plaintiff here for her life and to the defendant remainder in fee? A. Yes, sir."

Louis Stroud, another witness for plaintiff:

Q. "So you thoroughly understood when you signed this paper, you thoroughly understood that you were signing a deed to this plaintiff for her life and to this defendant in fee, and that is the way you signed it? A. Yes, sir; that is, the magistrate told me."

Mrs. Fannie Sparrow, a grantor:

"I can read and write a little. I read the paper and saw that it went to Martin Hill in fee simple. I read it down to there. I reckon that I saw that it went to his mother for life. I don't remember that part now, but the part I saw, it went to Martin Hill in fee simple. I understood that thoroughly when I signed it."

The plaintiff, Mrs. Hill:

"I never knew a thing about this deed they have set up here until after it was recorded.

"Sam Stroud brought this deed to me after it was recorded. Fannie Sparrow first called my attention to the fact that this land was given to Martin Hill after my death—Mrs. Sparrow, who has just been on the witness stand. I cannot read or write.

"My daughter, Mrs. Sparrow, told me what was in this deed. She told me it was given to me for life, and to my son, Martin Hill, after my death. That was just a little while after it was recorded—about a month after it was recorded. I understood that thoroughly, and I have been knowing that ever since.

"I believe Martin has paid me rent for four years. I never rented to him but a year at a time. I told him he could tend it and pay me $60.

"I held this deed five or six or seven years—along there; then I asked him to take care of it."

It also appears that the deed was executed on 15 December, 1902, and was registered on 31 December of the same year, and, although she knew a month after it was registered that it conveyed a life estate to herself and a remainder in fee to the defendant, according to her own evidence, instead of repudiating it, she rented her life estate to her son, joined in the execution of a mortgage of the land, joined in a conveyance of the timber on the land, and gave half the purchase price to the defendant,

retaining the other half, and now, in affirmance of the deed, brings this action to correct it.

We must therefore deal with the deed as it is; and the plaintiff, having accepted a life estate under it, must take it with its burdens.

"A person cannot claim under an instrument without confirming it. He must found his claim on the whole, and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it. *Jacobs v. Miller,* 50 Michigan, 127; *Emmons v. Milwaukee,* 32 Wisconsin, 434; *Morrison v. Bowman,* 29 California, 337; *Thompson v. Thompson,* 19 Maine, 235; *Smith v. Smith,* 14 Gray (Mass.), 532; *The Water Witch,* 1 Black (U. S. Supreme Ct.), 494; *Cowell v. Colorado Springs,* 100 U. S., 55; *Scholey v. Rew,* 90 U. S., 331; *Tuite v. Stevens,* 98 Mass., 305; *Caufield v. Sullivan,* 85 N. Y., 153; *Sawnson v. Tarkington,* 7 Heiskell (Tenn.), 612; *Hart v. Johnson,* 6 Ohio, 87; *Botsford v. Murphy,* 47 Mich., 537; cited in note, 6 N. Y. Chan. Rep. (Lawy. Co-op. Ed.), 1029." 3 Eng. Ruling Cases, 328.

"A person cannot claim under an instrument without confirming it. He must found his claim on the whole, and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it." 10 R. C. L., 681.

"A party who accepts a deed poll is bound by its covenants and conditions, for if he claims the benefits of the deed he must also assume the burdens imposed by it. He cannot claim under it and against it. *Fort v. Allen,* 110 N. C., 183." *Drake v. Howell,* 133 N. C., 166.

It is also "a well settled rule in regard to an estoppel by deed that, even in the case of a strict estoppel as between the parties to the deed the estoppel is in its operation commensurate only with the interest or estate conveyed. *Staton v. Mullis,* 92 N. C., 623; *Fisher v. Mining Co.,* 94 N. C., 397." *Drake v. Howell, supra.*

See, also, *Weeks v. Wilkins,* 139 N. C., 217, and *Bryan v. Eason,* 147 N. C., 292.

What, then, are the burdens imposed by the deed, and what interest or estate is conveyed? Amos Stroud, Sr., had eleven children. The grantors in the deed represent ten of these children, and the plaintiff in this action is the eleventh child. The deed does not purport to convey the land, but the "right, title, and interest" of the grantors, which was ten-elevenths of the whole, and it is this interest that is conveyed to the plaintiff for life, with remainder in fee to the defendant, leaving in the plaintiff as one of the heirs of her father a one-eleventh interest, which the deed does not purport to convey and to which no burden attaches.

It follows that his Honor held correctly that the plaintiff was not entitled to have the issue as to mistake submitted to the jury, because of

the absence of evidence to support the allegation, and that the plaintiff was entitled to one-eleventh of the land as heir, and a life estate in the remaining ten-elevenths under the deed.

The costs of the appeal will be divided.

Affirmed on both appeals.