EMMA FLEMING ET ALS. v. S. A. CONGLETON ET ALS. INDIVIDUALLY AND AS BOARD OF COMMISSIONERS OF PITT COUNTY.

(Filed 12 March, 1919.)

1. **Election—Inconsistent Remedies.**

   The doctrine of election rests upon the choice of the party between two or more inconsistent remedies available to him.

2. **Same—Counties—Highways—Damages—Statutes—Actions—Estoppel.**

   Where an owner has withdrawn, without objection, proceedings authorized by a public-local law which he has started before a county board of commissioners for taking his lands for a public highway he may pursue his common-law remedy in the Superior Court upon substantially the same facts and for the same relief, the two remedies being consistent with each other, and the proceedings under the statute will not operate as a bar to the common-law action in the court.

APPEAL by defendant from *Whedbee, J.,* at the August Term, 1918, of PITT.

This is an action to recover damages of the defendant, Pitt County, for constructing a new road through the property of the plaintiffs. When the case was called for trial and the pleadings read the defendants demurred *ore tenus* and moved to dismiss for that the plaintiffs had not complied with the Public Laws of 1905, ch. 711, sec. 8, in that they had filed their petition with the board of commissioners at the May Term of said board in 1915.

The petition filed with the board of commissioners on 3 May, 1915, was as follows:

*To the Board of Commissioners of Pitt County:*

Maggie L. Fleming and Emma L. Fleming respectfully showeth to your honorable board the following facts:

1. That they own a body of farming lands situated in Greenville Township, Pitt County, North Carolina, and that the public road force, building public roads in Greenville Township, Pitt County, North Carolina, have entered upon said tract of land and have laid out and constructed a public road thereon, being the new road laid out beyond House

Station, and in so doing have taken and appropriated to the public use a portion of said lands about 36 feet wide and about 1,435 yards in length, which aggregates between three and four acres of land.

2. That the taking of said portion of land was without the consent of the owners thereof, to wit, Maggie L. Fleming and Emma L. Fleming.

3. That the changing of the old course of the public road along said lands and the laying out of said new road over said lands greatly inconveniences your petitioners in the management and cultivation of said lands, and your petitioners pray:

. That they be compensated for the land so taken and for the damages and inconveniences sustained by reason of the taking of said land and the construction of said road, and these petitioners aver that their damage so sustained exceeds $500, but they hereby offer and consent to accept the sum of $500 in compromise of their said claim, provided their honorable body will pay the same without litigation.

This the 3d day of May, 1915.            MAGGIE L. FLEMING.
                                          EMMA L. FLEMING. .

Upon the filing of the petition the board of commissioners issued an order to the sheriff to summon three freeholders to go over the road and assess the damages.

In compliance with the said order of the board of commissioners, the sheriff summoned a jury of three men, who assembled at the courthouse, and after being sworn and declared themselves ready to hear the case the plaintiffs' counsel appeared before the said board and withdrew his petition, to which the defendant did not object. This action was then commenced.

The only exception taken on the trial was to the refusal of the court to sustain the demurrer made at the beginning of the trial. There was a verdict in favor of the plaintiff and judgment given accordingly, and defendant appealed.

*F. C. Harding and Harry Skinner for plaintiff.*
*S. J. Everett for defendant.*

ALLEN, J. The road law of Pitt County (Public Laws 1905, ch. 714, sec. 8) provides that where any person across whose land a road is located claims damages and files his petition therefor the board of commissioners shall order a jury of three freeholders to be summoned, who, after notice to the owner, shall assess the damages, and gives the right of appeal to the owner of the land to the Superior Court, where the petition is heard before a jury *de novo;* but this statutory remedy is not exclusive and does not prevent the owner from resorting to the common-

law remedy to recover damages by action in the Superior Court. *Mason v. Durham,* 175 N. C., 641, approved in *Keener v. Asheville, ante,* 1.

It follows therefore that the plaintiffs have stated a cause of action in their complaint within the jurisdiction of the court, and that they have the right to pursue their remedy by action unless prevented by filing their petition before the board of commissioners, the defendant contending that having two remedies and having elected to ask for the assessment of damages under one they cannot demand redress under the other.

The doctrine of the election of remedies is "generally regarded as being an application of the law of estoppel, upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions" (9 R. C. L., 957), and it "applies only where there are two or more remedies, all of which exist at the time of election and which are alternative and inconsistent with each other, and not cumulative, so that after the proper choice of one the other or others are no longer available. This is upon the theory that of several inconsistent remedies the pursuit of one necessarily involves or implies the negation of the others." 9 R. C. L., 958. This is the accepted doctrine in this Court. *Machine Co. v. Owings,* 140 N. C., 504; *Pritchard v. Williams,* 175 N. C., 322.

In the first of these cases *Justice Hoke* states the principle as follows: "As regards what have been termed consistent remedies, the suitor may, without let or hindrance from any rule of law, use one or all in a given case. He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final, and if not satisfied with the result of that he may commence and carry through the prosecution of another. . . . In 3 Words and Phrases Judicially Defined, p. 2338, it is said: 'The whole doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other. The principle does not apply to coexisting and consistent remedies.' These statements of the doctrine are supported by well-considered decisions and are very generally accepted as correct. *Whittier v. Collins,* 15 R. I., 90; *Bacon v. Moody,* 117 Ga., 207; *Austen v. Decker,* 109 Iowa, 109; *Black v. Miller,* 75 Mich., 323."

This is quoted with approval in the second case, and the Court adds, "It is only when two rights are inconsistent that the party is put to his election, and that the exercise of one or the failure to do so bars the other."

The *Machine Co. case* is also reported in 6 A. & E. Ann. Cases, 212, and the editor says in the note appended, "The rule stated in the reported case that the doctrine of election of remedies applies only when the remedies invoked are inconsistent, and that when the remedies are consistent all may be pursued, finds affirmance in numerous decisions," and he cites

decisions from the highest courts of nineteen States and from the Supreme Court of the United States in support of the text.

Applying this principle, it is clear that filing the petition before the commissioners, conceding it to have been filed under the statute, which the plaintiffs deny, and which was withdrawn before the present action was commenced without objection by the defendant is no bar to the present action because the two remedies are consistent, both having the same purpose in view—the recovery of damages for an entry upon the land of the plaintiffs, based on substantially the same facts.

There is therefore no error in the judgment appealed from.

No error.