MARY MOORE HOWE ET AL. v. DR. W. L. HAND.

(Filed 29 September, 1920.)

**Wills—Afterborn Children—Deeds and Conveyances—Purchasers—Stat-
utes.**

A wife devised her lands to her husband, and afterwards children were
born of the marriage. After the death of his wife the husband conveyed
the lands in question to the defendant, and has since died. No provision

HOWE *v.* HAND.

having been made for the afterborn children, they entered suit for the lands against the purchaser: *Held*, they are entitled to recover under the provisions of Rev., 3145. *Flanner v. Flanner*, 160 N. C., cited as controlling.

CIVIL ACTION, tried before *Connor, J.*, at May Term, 1920, of CRAVEN, upon the following issues:

"1. Are the plaintiffs the owners and entitled to the possession of the property described in the complaint? ` Answer: 'Yes.'

"2. Is the defendant in the wrongful possession thereof? Answer: 'Yes.'

"3. What is a fair rental value for said property since 11 October, 1918? Answer: '$20 per month.' "

· From the judgment rendered the defendant appealed.

*H. C. Tyler and D. L. Ward for plaintiffs.*
*Moore & Dunn for defendant.*

BROWN, J. The plaintiffs are the infant children of Elliott Hampton Howe and his wife, Mary Moore Howe, both of whom are dead.

The property belonged to the mother, Mary Moore Howe, and was devised by her to her husband, E. H. Howe. The will was executed before the birth of the children. Elliott Hampton Howe, after the death of his wife, conveyed the property to the defendant Hand, who has been in possession of it for 10 years under the deed of E. H. Howe. After the death of their father, the plaintiffs bring this action to recover the land which consists of three lots in the city of New Bern, under sec. 3145 of the Revisal. This section reads as follows: *"Void as to after-born children.* Children born after the making of the parent's will, and where parent shall die without making any provision for them, shall be entitled to such share and proportion of such parent's estate as if he or she had died intestate and the rights of any such after-born child shall be a lien on every part of the parent's estate until his several share thereof is set apart,"* etc.

It does not appear that Mary Moore Howe made any provision whatever for plaintiffs, who are her only children.

We have given this case very careful consideration because of its very great importance to the defendant, who, it seems, has paid for the property and been in possession of it for 10 years. We are unable to see any distinction between this case and that of *Flanner v. Flanner,* 160 N. C., 127. The facts are practically the same, and the well considered opinion of *Mr. Justice Hoke* covers the matter fully.

It is the misfortune of the defendant that he was ignorant of the statute and of its effect upon the will of Mrs. Howe.

The judgment is
Affirmed.