HADDIE McCOLLOUGH RAWLS v. DURHAM REALTY & INSURANCE
COMPANY, A CORPORATION.

(Filed 1 April, 1925.)

**Wills—Devise — Posthumous Child — Deeds and Conveyances — Title—**
**Statutes.**

A devise to the testator's wife "to do with as she thinks best for herself and (our) the children," the word "our" being stricken out by the testator, or "the" either is construed as evidencing the testator's intent to include a child *in ventre sa mere* at the time of the execution of the will, and born within a short time after his death, and the wife can convey a good fee-simple title to the purchaser, C. S., 4169, as to a provision for a posthumous child, and Rule 7, Canon of Descent, C. S., 1654.

APPEAL by defendant from *Calvert, J.,* March Term, 1925, of DURHAM.

*J. L. Morehead for plaintiff.*
*Wm. W. Sledge for defendant.*

CLARKSON, J. This was a controversy submitted without action. The plaintiff had contracted to sell, and defendant had agreed to purchase, a certain piece of land in the city of Durham.

The material facts are as follows:

That on 5 March, 1919, Holman Calvin Rawls, at that time a resident of the city of Durham, died, leaving surviving him plaintiff, his wife, and three children born of the marriage, Hannah, Charlotte and Mary, and one unborn.

RAWLS v. INS. CO.

· That upon the death of the said Holman Calvin Rawls there was found among his papers, written in his own handwriting, a will in the following words and figures, which will was duly admitted to probate in the office of the clerk of the Superior Court of Durham · County, and is now recorded in Book of Wills 3, page 96, and being as follows:

"Durham, N. C., 22 February, 1919.
"To whom it may concern:
"In the event of my death I leave all my real and personal property to my wife, Haddie McCollough Rawls, to do with as she thinks best for herself and (our) the children.
"(Signed)  HOLMAN CALVIN RAWLS."

That thereafter, on 5 May, 1919, there was born to the plaintiff a son, Holman Calvin Rawls, Jr., who is now living with plaintiff at her residence, in the city of Norfolk, Virginia.

The plaintiff, in compliance with her contract with defendant, tendered "to the defendant a deed with full covenants and warranties purporting to convey the entire interest in said land to the defendant in fee simple; that defendant has refused to accept the said deed for the reason that it is advised that plaintiff is not the owner of the entire estate in said land and that the said Holman Calvin Rawls, Jr., the after-born child of plaintiff and Holman Calvin Rawls, is entitled to a one-fifth interest in said land under and by virtue of section 4,169 of the Consolidated Statutes of North Carolina, and that plaintiff is without authority to convey the interest of the said Holman Calvin Rawls, Jr."

Plaintiff contends that the will of Holman Calvin Rawls vests in her a fee-simple title to the land in question and that her deed will convey a fee-simple title to the defendant.

The court below rendered the following judgment:

"That the will of Holman Calvin Rawls, executed the 22d day of February, 1919, vests in plaintiff Haddie McCollough Rawls a fee-simple estate to all of the land mentioned and described in the complaint, and all other real or personal property of which said Holman Calvin Rawls died, seized or possessed.

"That defendant is directed upon the delivery of the deed tendered, to pay the purchase price agreed upon."

From the judgment rendered by the court below, defendant excepted, assigned error and appealed to the Supreme Court.

C. S., 4169, is as follows: "Children born after the making of the parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of the parent's estate as if he or she had died intestate, and the rights of any such

24—189

after-born child shall be a lien on every part of the parent's estate, until his several share thereof is set apart in the manner prescribed in this chapter."

Rule 7, Canon of Descents, C. S., 1654, is as follows: "No inheritance shall descend to any person, as heir of the person last seized, unless such person shall be in life at the death of the person last seized, or shall be born within ten lunar months after the death of the person last seized."

At the time the testator, Rawls, made his will, 22 February, 1919, his wife was *enceinte*—with child. Rawls died 5 March, 1919, and the child was born two months later and named after his father. It is presumed that he knew when he made his will the condition of his wife. If he had died intestate, the posthumous child, under the law of this State, would inherit the same as his other children. The principle of law is: *"Posthumus pro nato habetur.* A posthumous child is considered as though born, (at the parent's death). *Hall v. Hancock,* 15 Pick. (Mass.), 258, 26 Am. Dec., 598." Black's Law Dictionary (2d ed.), p. 920. *Deal v. Sexton,* 144 N. C., p. 158; Mordecai's Law Lectures (2 ed.) pp. 395-396.

The question to be considered in this case: Did Rawls die without making any provision for his unborn son? If he made no provision, as contemplated by the statute, the unborn child is entitled to the portion of his father's estate as if he had died intestate, and the plaintiff cannot carry out·her contract. From a careful study of the authorities and the will, we think the testator made "provision" in accordance with the statute. In none of the cases on the construction of this statute does the court make any attempt to say what is an adequate provision.

This Court, in *Meares v. Meares,* 26 N. C., 192, said: "The statute only provides for the case where the parent dies without having made provision for the child; which means, without making any provision. For the act does not mean to judge between the parent and child as to the adequacy of the provision he may choose to make." *King v. Davis,* 91 N. C., p. 147.

In *Thomason v. Julian,* 133 N. C., p. 310, this Court said: "But that 'without making any provision' means any arrangement or circumstances tending to show that the testator had these children in mind when the will was made and without any indication that it was his purpose to disinherit them. That purpose does fully and unmistakably appear in the will."

In the *Thomason case,* the language of the will was "to the exclusion of any children now living or hereafter to be born of my present marriage."

In the case of *Flanner v. Flanner,* 160 N. C., p. 126, Lizzie H. Flanner made a will as follows: "I give, grant and devise to my beloved husband, William B. Flanner, all my property of every kind, real personal and mixed." The will was made 16 May, 1891. On 7 February, 1922, William B. Flanner, Jr., was born of the marriage and thereafter Lizzie H. Flanner died. The Court in that case very properly held that no provision was made for the child, and says: "The courts have generally held that they were not designed to control a parent as to the provision he should make for his child, but the correct interpretation should proceed on the theory that the law was only intended to apply when the omission to provide for an after-born child was from inadvertence or mistake, and this position should be allowed to prevail unless the will in express terms showed that the omission was intentional, or unless, as contemplated by the statute, provision was made for the child, by the parent whether under the will or by gift, or settlement ultra, 'whether before, contemporaneous with, or after the making of the will.'" *Dixon v. Pender,* 188 N. C., p. 794.

In the present case, the testator when he made his will knew his wife was with child. He leaves all his real and personal property to the plaintiff his wife "to do with as she thinks best for herself and (our) the children." He had three children born and one unborn when he used the words "the children." We think the clear intention was to include the child he knew unborn with those born. We think "our," which he struck out, would have included the unborn child. From the language of the will, written by the testator in his own hand-writing, he seemed to be a man of intelligence. He strikes out the word "our" and uses the word "the," intending to make more definite whom he meant—those born and the one unborn. If this was not his intention, with knowledge of his unborn child, he could have inserted some language manifesting a distinction between his children born and the one unborn—*in ventre sa mere.*

In *Barringer v. Cowan,* 55 N. C., p. 438, the language of the will, in part, is as follows: "And that Thomas Cowan and the children of James L. Cowan have one part or share." *Battle, J.,* said: "At the time of the testator's death, James L. Cowan had three children only, but another was born to him within less than nine months afterwards, and having been, therefore, *in ventre sa mere* at that time, he is entitled to take with the others." *Culp v. Lee,* 109 N. C., p. 675; C. S., 1738 and cases cited.

The defendant contends, and well says, "that some specific provision or mention, either by a devise or exclusion must be made by the testator for the statute not to apply." The will uses no language of exclusion. The statute does not fix the provision to be made, that is left to the

parent. Rawls, the parent, mentions "the children," which includes the unborn child. The mother is given all the property "to do with as she thinks best for herself and (our) the children." There is no inadvertence or mistake. The testator had these children in mind, those born and the one unborn, and he makes the most specific provision—one dictated by the highest natural law we have—the love that a mother bears for her offsprings. With this knowledge of her love for her children, he leaves all his property to his wife, and gave her discretion to do with it as she thought best for herself and the children. The specific provision is made, but is delegated to the mother's discretion. The plaintiff, under the will, has a fee-simple title.

In the judgment below, we can find

No error.