SALLIE D. NICHOLSON v. PLUMMER A. NICHOLSON, Jr., a minor, by his guardian ad litem, JOHN H. BONNER.

(Filed 16 September, 1925.)

**Wills—Statutes—Descent and Distribution—Dower—Heirs—"Issue."**

Where the father's will leaves his estate consisting of lands to his wife and to a child *in ventre sa mere* at the time the will was written, and the child thus provided for has been born in the lifetime of the father, but has predeceased him; and another child is born of the marriage and the mother and the child survive the father: *Held,* under the rule of descent, C. S., 4169, the son unprovided for by the will living at the time of his father's death, will inherit the real estate of which his father dies seized, subject to the dower of the widow, his mother.

APPEAL by defendant from *Bond, J.,* from judgment rendered 23 July, 1925, from BEAUFORT.

*Small, MacLean & Rodman for plaintiff.*
*John H. Bonner for defendant.*

CLARKSON, J. The late B. B. Nicholson, a lawyer by profession, left a last will and testament dated 5 April, 1904, which provides, "I will and bequeath and devise my entire real and personal property of all kind whatsoever to my beloved wife, Sallie D. Nicholson and our child (unborn), with one request, etc."

The child referred to at that time, Blake B. Nicholson, Jr., was born and lived to the age of nine years, but died before his father. A second child, Plummer A. Nicholson, Jr., represented herein by his guardian *ad litem,* John H. Bonner, was born later and survived his father, and is the only heir at law. The testator died in August and his will was probated in September, 1917.

Plaintiff contends that she is the widow of B. B. Nicholson and took one-half of the real property under the will and Plummer A. Nicholson, Jr., one-half thereof. On the other hand, it is contended by the guardian *ad litem* of Plummer A. Nicholson, Jr., that in accordance with the statute B. B. Nicholson died intestate as to the infant defendant, having made no provision for him, and that he is the owner and entitled to all of the property of which his father died seized and possessed, subject to the dower of the plaintiff his widow.

These contentions require us to interpret the statute, C. S., 4169, which is as follows:

"Children born after the making of the parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of the parent's estate as if he or she had died intestate, and the rights of any such after-born child shall be a lien

on every part of the parent's estate, until his several share thereof is set apart in the manner prescribed in this chapter."

B. B. Nicholson having died leaving a widow and an after-born son for whom he made no provision in his will; the statute says that this son shall be entitled to such share and proportion of the parent's estate as if he had died intestate.

Rules of descent, C. S., 1654:

"Rule 1. *Lineal descent.* Every inheritance shall lineally descend forever to the issue of the person who died last seized, entitled or having any interest therein, and shall not lineally ascend, except as hereinafter provided."

For definition of "issue" see *Edmondson v. Leigh,* 189 N. C., p. 201.

Under the statute, so far as Plummer A. Nicholson, Jr., is concerned, B. B. Nicholson died intestate, and his real estate of which he died seized will descend to his "issue." His only issue was Plummer A. Nicholson, Jr., and his father having made no provision in the will for him, the will is inoperative and he is the sole issue or heir, subject to the widow's dower.

In the case of *Flanner v. Flanner,* 160 N. C., p. 126, Lizzie H. Flanner made a will as follows: "I give, grant and devise to my beloved husband, William B. Flanner, all my property of every kind, real, personal and mixed." The will was made 16 May, 1891. On 7 February, 1892, William B. Flanner, Jr., was born of the marriage and thereafter Lizzie H. Flanner died. The Court in that case held that no provision was made for the child. See *Rawls v. Ins. Co.,* 189 N. C., 368.

In the present case the record states that the estate consists largely of land, there being no personal estate of any value.

We think the law clear under the statute. Plummer A. Nicholson, Jr., inherits a fee-simple title to the land, subject to the dower right of plaintiff.

For the reason given, the judgment below is

Reversed.