J. Q. ADAMS AND WIFE, ZEBBIE ADAMS, v. FRED WILSON, CRAWFORD BURROWS AND WIFE, SUDIE BURROWS, JACK WALL AND WIFE, SOPHRONIA WALL AND BESSIE WILSON AND J. K. WITHERINGTON, GUARDIAN OF FRED WILSON, SUDIE BURROWS, SOPHRONIA WALL, AND BESSIE WILSON.

(Filed 17 March, 1926.)

**1. Wills—Posthumous Child—Descent and Distribution.**

Where the father has died leaving a will not providing for a posthumous child, the child inherits as if the parent had died intestate, and takes his portion of the property as "heir at law."

**2. Judgments — Wills — Caveat — Equity — Estoppel — Statutes — Descent and Distribution.**

Where the father dies leaving a will not providing for a posthumous child, and the child thereafter files a caveat to the will and the issue of *devisavit vel non* has been decided adversely to the child, the position taken by the child that she is entitled to inherit from the father under the canons of descent applicable is not in conflict with the position taken as caveator of the will, and the judgment in this proceeding does not operate as an estoppel.

APPEAL by plaintiffs from *Dunn, J.,* January Civil Term, 1926, of PITT. Error.

"The court finds the following facts from the pleadings and from the admissions of the parties:

"1. That on 27 June, 1893, Z. V. Witherington died domiciled in Pitt County.

"2. That on 13 July, 1893, a paper-writing purporting to be the last will and testament of the said Z. V. Witherington was admitted to probate.

"3. That Zebbie Adams, the caveator of that will, was the only child of the said Z. V. Witherington, she having been born 2 July, 1893, six days after the death of her father, having intermarried with her co-caveator, J. Q. Adams, on 14 January, 1914.

"4. That the said Zebbie Adams, on 19 January, 1920, filed a caveat to said last will and testament.

"5. That the said matter was heard before his Honor, Judge Grady, at the May Term, 1923, of Pitt Superior Court, who, being of the opinion that the caveators were barred by the statute of limitation, dismissed the caveat.

"6. From said judgment the caveators appealed to the Supreme Court, and the judgment of his Honor, Judge Grady, was affirmed by the Supreme Court, as appears in its opinion appearing in 186 N. C., at page 152.

"7. That on 7 April, 1923, and while the caveat above referred to was pending, the plaintiffs in this action, Zebbie Adams and J. Q. Adams, who are the same as the caveators in the caveat, instituted this action against the defendants to recover the land in controversy, which is the same land which was devised by the testator, Z. V. Witherington, to Susan Witherington, his mother, as appears in said last will and testament.

"8. That at the time of his death the said Z. V. Witherington was seized in fee of the land devised to his mother, subject to his mother's life estate.

"9. That after the death of Z. V. Witherington, the mother of the said Z. V. Witherington conveyed the said land to the mother of the defendants, reserving a life estate, and the defendants claim said land as heirs at law of their said mother; the deed from the mother of the said Z. V. Witherington to the mother of the defendants bears date of 1 April, 1906.

"10. That Susan Witherington, mother of Z. V. Witherington, died in the fall of 1919.

"Upon the foregoing facts it is agreed by and between the parties thereto, that if the court should be of the opinion that the caveat filed by the present plaintiffs in this action to the last will and testament of the said Z. V. Witherington, and which was disposed of in the judgment of his Honor, Judge Grady, is an estoppel to the maintenance of the present action by the plaintiffs, that the court shall adjudge the defendants to be the owners in fee and entitled to the possession of the land in controversy; but it is further agreed that if the court upon the foregoing facts shall be of the opinion that said judgment of Judge Grady did not operate as an estoppel to the maintenance of this action by the plaintiffs, then it shall be adjudged that the plaintiffs are the. owners in fee and entitled to the immediate possession of said land, it being understood that either party may appeal from such judgment as may be rendered by the court upon the foregoing facts."

The court being of the opinion upon the foregoing facts, that the caveat filed by the plaintiffs to the last will and testament of Z. V.

Witherington estops them from now maintaining this action, and that they are barred and precluded from the maintenance of this action:

"It is now, therefore, considered, ordered and adjudged that the defendants be and they are declared to be the owners and entitled to the continued possession of the land in controversy, freed and discharged of any and all claims of the plaintiffs.

"And it is further ordered and adjudged that the defendants recover their costs to be taxed by the clerk.

"That the matter of rents and betterments be reserved, without prejudice, to await the opinion of the Supreme Court."

To the foregoing judgment, plaintiffs excepted, assigned error and appealed to the Supreme Court.

*F. G. James & Son and Julius Brown for plaintiffs.*
*Skinner & Whedbee and F. C. Harding for defendants.*

CLARKSON, J. Z. V. Witherington died on 27 June, 1893, leaving a last will and testament, which was duly admitted to probate. He left one child, the plaintiff, Zebbie Witherington, who married J. Q. Adams, and they are the plaintiffs in this action. She was born 6 days after the death of her father. In the will of Z. V. Witherington, he made no provision for his unborn child, Zebbie Witherington. She was his only child. Under C. S., 4169, she was entitled to the fee-simple title to the property. The question of dower does not arise, as Z. V. Witherington's mother owned a life estate in the land at the time of his death.

In *Nicholson v. Nicholson,* 190 N. C., p. 123, it was said: "B. B. Nicholson having died leaving a widow and after-born son for whom he made no provision in his will; the statute says that this son shall be entitled to such share and proportion of the parent's estate as if he had died intestate. . . . In the case of *Flanner v. Flanner,* 160 N. C., 126, Lizzie H. Flanner made a will as follows: 'I give, grant and devise to my beloved husband, William H. Flanner, all my property of every kind, real, personal and mixed.' The will was made 16 May, 1891. On 7 February, 1892, William B. Flanner, Jr., was born of the marriage and thereafter Lizzie H. Flanner died. The Court in the case held that no provision was made for the child. See *Rawls v. Ins. Co.,* 189 N. C., 268."

The serious question presented: Zebbie Adams and her husband on 19 January, 1920, filed a caveat to the will of her father, Z. V. Witherington. The plea of the statute of limitation was set up and the court decided that the caveator, Zebbie Adams, was barred. 186 N. C., 152. The present suit was instituted by Zebbie Adams while the caveat filed by her was pending.

The defendants contend: "The simple legal question involved is whether or not under the record both in the caveat case and the instant case, the plaintiffs are estopped, they having had an opportunity to present all matters involved here in the caveat case."

The caveat filed by Zebbie Adams was, in part, as follows:

"That Zebbie Adams, caveator above named, is the only child of the said Z. V. Witherington; that she was born on 2 July, 1893, six days after the death of her father, and that she intermarried with the plaintiff, J. Q. Adams, on 14 January, 1914.

"That the paper-writing aforesaid, purporting to be the last will and testament of Z. V. Witherington is not his will, for that as caveators are informed and believe, the signature to the same was obtained by undue influence and duress," etc.

We said in *Cook v. Sink,* 190 N. C., 625: "They cannot 'blow hot and cold in the same breath.' Any other view would be inequitable and unconscionable. Plaintiff or the other devisees cannot take inconsistent positions. 'Upon the principle similar to that applied to persons taking under wills, beneficiaries under a trust are estopped, by claiming under it, to attack any of its provisions. . . . So, also, one who accepts the terms of a deed or other contract must accept the same as a whole; one cannot accept part and reject the rest.' Bigelow on Estoppel, 6 ed., p. 744. *Fort v. Allen,* 110 N. C., 191; *Chard v. Warren,* 122 N. C., 86; *Freeman v. Ramsey,* 189 N. C., 790. 'Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim or conduct to the prejudice of another.' 16 Cyc., p. 785; *Holloman v. R. R.,* 172 N. C., 376."

In the present case—Zebbie Adams did not take inconsistent positions to the prejudice of anyone. If the will of Z. V. Witherington was set aside for undue influence, etc., she was the only child of her father and would inherit his property. If the will was not set aside, he having made no provision for her, under C. S., 4169, she would still be entitled to his property.

*Hoke, J.,* speaking to the question in *Pritchard v. Williams,* 175 N. C., p. 322, says: "It is only when *two rights are inconsistent* that the party is put to his election, and that the exercise of one or the failure to do so bars the other." *Tyler v. Capehart,* 125 N. C., 64; *Fleming v. Congleton,* 177 N. C., 188; *Randolph v. Edwards, ante,* 334; *Gilbert v. McCreary,* 12 A. L. R., p. 1172 (W. Va., 104 S. E., 273).

In *McGehee v. McGehee,* 189 N. C., 560, *Stacy, C. J.,* says: " 'Election,' in the sense it is used in courts of equity, says *Judge Story,* 'is the obligation imposed upon a party to choose between two inconsistent

or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both. Every case of election therefore presupposes a plurality of gifts or rights with an intention, express or implied, of the party who has the right to control one or both, that one should be a substitute for the other. The party who is to take has a choice; but he cannot enjoy the benefits of both.' 3 Story's Eq. (14 ed.), p. 113; *Sigmon v. Hawn,* 87 N. C., 450. The doctrine of election, as applied to the law of wills, simply means, that one who takes under a will must conform to all of its legal provisions. See *Elmore v. Byrd,* 180 N. C., p. 120, where the subject is fully discussed, but without undertaking to reconcile the divergent authorities. Indeed, such an undertaking would be a herculean, if not a hopeless, task."

On the record we cannot hold that plaintiff is estopped. She does not come within the old legal sayings: "Not having spoken when she should have been heard, she should not be heard when she should be silent." *Engineering Co. v. Boyd, ante,* 143, and *Pass v. Lea,* 32 N. C., p. 410, cited by defendants are not inconsistent with the position here taken.

The law is said to be "favorable to the utility of the doctrine of estoppel, hostile to *its technicality." Lord Bramwell* said: "Estoppels are odious, and the doctrine should never be applied without a necessity for it." Shirley's Leading Cases in the Common Law, 3rd English Ed., p. 410.

For the reasons given, there is

Error.