W. W. CHRISTIAN ET AL. v. W. F. CARTER, JR., EXECUTOR, ET AL.

(Filed 13 April, 1927.)

**Parent and Child—Wills—After-born Child—Statutes.**

The beneficent provisions of C. S., 4169, providing for a child born after the execution of the will of the father, when the father has failed to do so, is not affected by the presumptive knowledge of the father, from the condition of his wife, that at the time he made the will he must have anticipated the birth, but upon the fact that the child was born thereafter.

APPEAL by defendants from *Finley, J.,* at February Term, 1927, of SURRY.

Controversy without action. The substance of the agreed facts is as follows:

1. J. E. Carter and Anne Fulton were married on 4 October, 1922.

2. J. E. Carter died in Surry County on 11 May, 1923, leaving a will, dated 1 February, 1923, in which he devised all his property to his wife, appointing W. F. Carter, Jr., his executor.

3. When the will was made his wife was *enceinte,* but neither he nor she knew her condition, and the child was born on 23 September, 1923.

4. W. F. Carter, Jr., as executor of the estate of the deceased, and Anne Fulton Carter, executed and delivered to the plaintiffs a deed for lots 54 and 55 of Fairview Heights, which were a part of the testator's estate.

Judge Finley was of opinion that the deed is invalid as to the interest of the posthumous child, and that the child is entitled to such part of the estate of her father as she would have been entitled to if he had died intestate. It was so adjudged, and the defendants excepted and appealed. Affirmed.

*Carter & Carter for appellants.*

ADAMS, J. The will was executed 1 February, 1923; the testator died 11 May, 1923; Anne Hollingsworth Carter, his only child, was born 23 September, 1923. The statute provides that children born after the making of the parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of the parent's estate as if he or she had died intestate. C. S., 4169. This statute, and the decisions construing it, must control in the disposition of the present appeal. *Sorrell v. Sorrell, ante,* 439; *Nicholson v. Nicholson,* 190 N. C., 122; *Howe v. Hand,* 180 N. C., 103; *Flanner v. Flanner,* 160 N. C., 126. In *Howe's case,* Mrs. Howe devised the land to her husband; the will was executed before the birth of the children;

the husband conveyed the land, and the children recovered it after the purchaser had been in possession for ten years

The appellants do not claim that provision was made for the after-born child, as in *Rawls v. Ins. Co.,* 189 N. C., 368, or that the child was excluded by the terms of the will, as in *Thomason v. Julian,* 133 N. C., 309, but they contend that the statute has no application to the present case because the testator had no knowledge of his wife's condition. To sustain this position, they cite as authority *Flanner v. Flanner, supra,* to the effect that the law was intended to apply only when the omission to provide for an after-born child resulted from inadvertence or mistake; but this, we apprehend, does not necessarily imply the parent's actual knowledge that the child is *in esse.* At common law, the subsequent birth of a child did not work a revocation of the parent's will; but the civil law adopted and applied a different rule, which apparently was based upon the presumed oversight or inadvertence of the parent in providing for an existing or a contingent situation. It has been suggested that the object of the law is to secure the moral influence of having before the mind of the testator a contingent event so momentous as the birth of a child. *Ellis v. Darden,* 11 L. R. A. (Ga.), 51; Annotation, An. Cas., 1913 D, 1318. It is the subsequent birth, not the father's knowledge, which effects the partial revocation. Accordingly, it has been said by the Court, *Chief Justice Ruffin* delivering the opinion: "When it happens that a will is made by a parent who did not contemplate the birth of a child subsequently, and in consequence of that gave away all of his estate to his other children, or to other persons, thereby leaving an after-born child destitute, the law interposes this provision beneficially as supplying that which it presumes the parent must have intended to make and would have made after the birth of the child had not death surprised him, or a mistake as to the effect of his will, or an unaccountable supineness prevented him from making the alteration dictated by natural affection." *Meares v. Meares,* 26 N. C., 192.

The judgment is

Affirmed.