On 29 January, 1920, James H. Peel and his wife, Victoria Peel, executed and delivered to the defendant, Vance L. Peel, their son, a fee-simple deed for a tract of land containing 80 acres. The grantors reserved a life estate and were both dead at the time the action was instituted. The clause in the deed out of which the controversy grows is as follows: "That the said James H. Peel and wife, Victoria Peel, in consideration of twelve hundred dollars to Fannie A. Peel Hardison, S. B. Peel and Susan H. Peel Oliver, to be paid by Vance L. Peel within six months after our death, the receipt of which is hereby acknowledged, have bargained and sold," etc. Fannie Peel Hardison, S. B. Peel and Susan H. Peel Oliver were the children of the grantors and brother and sisters of the grantee, and are the plaintiffs in this action. At the time the deed was executed the defendant, grantee therein, executed three notes of $400.00 each, payable six months after the death of the grantors to each of the plaintiffs.
Defendant offered evidence to the effect that after the execution of the deed he went in possession of the land, but that he took care of his father and mother, the grantors in said deed, until the death of each of said grantors, and that the grantors agreed that if the defendant would care for them until death he would not be required to pay the consideration of $1,200.00 mentioned in the deed or the notes executed contemporaneously therewith. It further appears from the evidence that the notes of $400.00 each were not delivered to the plaintiffs by the grantors.
The issues and answers of the jury thereto were as follows:
1. Did deceased, J. H. Peel, at the date of the execution of the deed from himself and wife to the defendant, Vance L. Peel, have said Vance L. Peel execute three promissory notes, each in the sum of $400.00, payable to plaintiffs, S. B. Peel, Fannie A. Hardison, and Susan Oliver, payable six months after death of said James H. Peel and wife? Answer: Yes. *Page 783 
2. Did the said J. H. Peel retain possession of any kind or control of said notes? Answer: Yes.
3. Were said notes or either of them, delivered to plaintiffs, or either of them? Answer: No.
4. Was it agreed between said J. H. Peel and Vance L. Peel at the time of the execution of said deed, and said notes, that in the event said Vance L. Peel would care for and provide for said J. H. Peel and wife, during their lifetime, that said notes would be surrendered to Vance L. Peel and obligation to pay same and consideration in the deed canceled? Answer: No.
5. Did the defendant, Vance L. Peel, care for and provide for said J. H. Peel and wife, Victoria Peel, during their lifetime after said deed was made? Answer: Yes.
6. Did J. H. Peel surrender said notes to said Vance L. Peel with the purpose of canceling same? Answer: No.
7. In what amount, if any, is the defendant indebted to the plaintiffs? Answer: $1,200 and interest from 8 June, 1926.
From judgment upon the verdict decreeing that the plaintiffs recover $1,200.00, with interest, the defendant appealed.
The plaintiffs based their cause of action upon the covenants and stipulations contained in the deed and not upon the notes. Hence the principle of law with respect to gifts inter vivos does not apply. The correct rule governing the present controversy is stated in Herring v.Lumber Co., 163 N.C. 481, 79 S.E. 876, as follows: "It is very generally held here and elsewhere that the grantee in a deed poll, containing covenants and stipulations purporting to bind him, becomes bound for their performance, though he does not execute the deed." Maynard v.Moore, 76 N.C. 158; Fort v. Allen, 110 N.C. 183, 14 S.E. 685; Helmsv. Helms, 135 N.C. 164, 47 S.E. 415; Guilford v. Porter, 167 N.C. 366,83 S.E. 564; Hill v. Hill, 176 N.C. 194, 96 S.E. 958; Adams v.Wilson, 191 N.C. 392, 131 S.E. 760.
The facts disclosed by the record bring the case at bar within the established rule, and the judgment rendered is approved.
No error. *Page 784